Filed Oct. 30, 1889.

---

No. 15,150.

BUSH v. THE CITY OF INDIANAPOLIS.

CONSTITUTIONAL LAW.—*License for Sale of Intoxicating Liquors.—Act of 1889.—Validity of.*—The act of March 11, 1889, Acts of 1889, p. 395, empowering cities and incorporated towns to increase the sum theretofore required to be paid for a license to sell intoxicating liquors is not invalid as violating section 21, article 4, of the State Constitution.

SAME.—*Amendment of a Statute.—Amendatory Act.—What Must be Set Out.*—It is well settled in this State that under section 21, article 4, of the Constitution a valid amendment of a statute may be made by setting out the section as amended, and that it is not necessary to set out the section to be amended.

Bush *v.* The City of Indianapolis.

. SAME.—*Title and Body of the Act Must be Considered Together.*—Under our Constitution it requires both the title and the body of the act to constitute a valid law. In a consideration of the question as to whether the Legislature has observed the forms prescribed by the Constitution in the enactment of a law, they must be considered together.

SAME.—*Amendatory Act.— Title of Act.— When Sufficient.*—The title of the act in question sets out at full length the title of the act to be amended, reciting that it is the intention to amend a certain section of said act, and that said section is section 5317, R. S. 1881.

*Held,* that no valid objection can be urged to the title of the act.

SAME.—*Body of the Act.—How Construed.*—Where the body of the act, after such a statement in the title, refers to the section to be amended as section 5317, R. S. 1881, without any reference to the section of the original act, there can be no doubt that it was the legislative intent to ·amend said section, and the amendment is properly made.

SAME.—*Title of ·the Act Amended. — When Unnecessary to Refer to in the Body of the Act.*—Considering the title and the body of the act together, if it distinctly and unequivocally appears what particular section of a statute is to be amended, it is not necessary to refer, in the body of the amended act, to the title of the act thus amended.

SAME.—*Amendments of Statutes. — Constitutional Provisions Governing Same.*—The clause of the Constitution which forbids the amendment of a statute by a mere reference to its title is prohibitory, while the clause which requires that the section as amended shall be published and set forth at full length is mandatory.

SAME.—*Unconstitutional Statutes.—Power of Courts to Declare.—Doubts, How Resolved.*—The power of the courts to declare a statute unconstitutional is a high one, and is never exercised in doubtful cases. To doubt, is to resolve in favor of the constitutionality of the law. We are unable to say that there is no doubt as to the unconstitutionality of the amendatory act under consideration.

From the Marion Circuit Court.

*S. Claypool, W. A. Ketcham, J. S. Duncan* and *C. W. Smith,* for appellant.

*W. L. Taylor* and *H. E. Smith,* for appellee.

COFFEY, J.—The Legislature of the State of Indiana, at its last session, passed the following act, viz.:

"An act to amend section six (6) of an act entitled ' An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors; to limit the fee to ·be charged by cities and towns; prescribing penalties for intox-

ication, and providing for the recovery of damages for injuries growing out of unlawful sales of intoxicating liquors; to repeal all former laws regulating the sale of intoxicating liquors, and all laws and parts of laws coming in conflict with the provisions of this act; prescribing penalties for the violation thereof, and declaring an emergency,' being section 5317 of the Revised Statutes of 1881.

" Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That section 5317 of the Revised Statutes of 1881 be amended so as to read as follows: No city or incorporated town shall charge any person who may obtain a license under the provisions of this act, more than the following sums for license to sell within their corporate limits: Cities may charge two hundred and fifty dollars, and incorporated towns one hundred and fifty dollars in addition to the sum provided for hereinbefore." Acts of 1889, p. 395.

Acting under the permission granted by this act the city of Indianapolis, on the 19th day of June, 1889, passed an ordinance requiring persons desiring to sell intoxicating liquors in the corporate limits of said city to pay a license fee of two hundred and fifty dollars to said city in order to procure a license for that purpose. The appellant having procured a license from the board of commissioners of Marion county, authorizing him to retail intoxicating liquors within the corporate limits of the city of Indianapolis, acting upon the assumption that the act above set out was unconstitutional, and that section six of the act sought to be amended was still in force, tendered to the proper officer one hundred dollars, the amount required under former city ordinances to procure a city license, and demanded a license to retail intoxicating liquors in said city. Such license being refused he proceeded to retail intoxicating liquors without a city license.

This suit was instituted by the appellee against the appellant to recover the penalty imposed by the ordinance of June

19, 1889, for selling intoxicating liquors within the corporate limits of said city without a city license so to do.

It is earnestly contended by the learned counsel for the appellant that if it was the intention of the Legislature, by the act in question, to amend section six of the act of March 17, 1875, Sp. Acts of 1875, p. 56, it so far departed from the requirements of section twenty-one, article four, of the Constitution of the State, that such intention was utterly futile; while, on the other hand, it is contended by the appellee that in the passage of said act the Legislature did comply strictly with the requirements of said section twenty-one, article four, of the Constitution.

It is now so well established that it requires no argument, or even citation of authorities, that there are three classes of laws which are unconstitutional, viz.:

*First.* Acts passed by a legislative body relating to matters over which it has no power to legislate.

*Second.* Acts passed by a legislative body where it neglects to observe the forms required by the Constitution necessary to give such acts validity as laws; and,

*Third.* Acts passed by legislative bodies which are inhibited by some constitutional provision.

It is not claimed by the appellant that this act falls within either the first or third class, but it is contended that it does fall within the second class.

Section twenty-one, article four, of our State Constitution is as follows: "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length." R. S. 1881, p. 20.

This provision is found in the constitutions of Nevada, Oregon, Texas, and Virginia, and provisions of similar import are to be found in the constitutions of Kansas, Ohio, Michigan, Louisiana, Wisconsin, Missouri, and Maryland.

It was formerly held by this court that in order to constitute a valid amendment to a statute, under this constitu-

tional provision, it was necessary not only to set .out the section as amended, but also the section to be amended, *Langdon* v. *Applegate,* 5 Ind. 327 ; *Rogers* v. *State,* 6 Ind. 31.

But in the case of *Greencastle, etc., Turnpike Co.* v. *State, ex rel.,* 28 Ind. 382, these decisions were overruled, and it is now well settled that it is not necessary to set out the section to be amended, and that the constitutional requirement is fulfilled by setting out the section as amended.

In the case of *Feibleman* v. *State, ex rel.,* 98 Ind. 516, it was held that the section of the Constitution now under consideration required that an act amending a former statute should refer to the title of the act sought to be amended. It must be obvious to every one, however, that this section of the Constitution, as well as all other constitutional provisions, is to be construed in the light of the evil sought to be remedied or avoided.

The Constitution of the State of Michigan contains the following provision : " No law shall be revised, altered or amended by reference to its title only ; but the act revised, and the section or sections of the act altered or amended, shall be re-enacted and published at length."    Const. Mich., article 4, section 25.

In the case of *People, ex rel.,* v. *Mahaney,* 13 Mich. 481, where the construction of this constitutional provision was involved, Judge COOLEY. said : " The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws.    An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose.

Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation."

In the case of *Mok* v. *Detroit Building, etc., Ass'n,* 30 Mich. 511, where this provision of the Constitution was again called in question, the same learned judge says: " Alterations made in the statutes by mere reference, and amendments by the striking out or insertion of words, without reproducing the statute in its amended form, were well calculated to deceive and mislead, not only the Legislature as to the effect of the law proposed, but also the people as to the law they were to obey, and were perhaps sometimes presented in this obscure form from a doubt on the part of those desiring or proposing them of their being accepted if the exact change to be made were clearly understood. Harmony and consistency in the statute law, and such a clear and consecutive expression of the legislative will on any given subject as was desirable, it had been found impracticable to secure without some provision of this nature."

These opinions, we think, clearly and concisely state the object sought to be attained by the framers of our Constitution in the section now under consideration.

In the light of this object we proceed to the examination of the question involved in this case, and in doing so it is not improper to remark that under our Constitution it takes both the title and the body of the act to constitute a valid law. It is true that the Constitution distinguishes between the two, but in a consideration of the question as to whether the Legislature has observed the forms prescribed by the Constitution in the enactment of a law they must be considered together. So considered, does the act·now before us fall within the evil sought to be avoided by the framers of the Constitution? It will be observed that the title of the act sets out at full length the title of the act sought to be amended, recites that it is the intention to amend section six (6) of said act and that section six (6) of said act is section

5317, R. S. 1881. A comparison of section six of the acts of 1875, with section 5317, R. S. 1881, will disclose the fact that they are one and the same thing. There is, therefore, no valid objection to the title of the act under consideration. Indeed, it is admitted, in argument, that the title is a sufficient compliance with the constitutional requirement.

It is conceded also, as we understand it, that if the body of the act read : " Be it enacted, etc., that section six of the above entitled act be amended to read as follows : " followed by the section of the act as amended, this would be a compliance with the last clause of the section of the Constitution above set out. But we are unable to see how this would make the legislative intent any more certain than it now appears. In the title of the act, section 6 of the act of 1875, and section 5317, R. S. 1881, are treated as one and the same thing, and the language in the body of the act is, " Be it enacted, etc., that section 5317, R. S. 1881, be amended so as to read as follows : " followed by the section as amended. There is, indeed, no doubt as to the legislative intent. The intent to amend section 6 of the act of 1875, is as certain, in our opinion, as if the act read, " Be it enacted, etc., that section 6 of the above entitled act be amended to read as follows," etc.

Considering the title and the body of the act together, if it distinctly and unequivocally appear what particular section of a statute is intended to be amended, we do not think it necessary to refer, in the body of the amended act, to the title of the act thus amended. The first clause of the section of the Constitution we are now considering is prohibitory in its terms, and prohibits the amendment of a statute by a mere reference to its title, while the second clause is mandatory, and requires that the section as amended shall be set forth and published at full length.

It is not contended that the amendment in question is made by mere reference to the title of the act intended to be amended, nor can it be successfully maintained that the sec-

tion as amended is not set forth and published at full length. The Constitution itself furnishes the rule by which the legality of an amendment to a statute is to be tested, and by such rule the courts must decide the question, when it arises, in each particular case.    We do not think that the act we are now considering falls within the mischief intended to be avoided by section 21, article 4, of the Constitution.    If not a literal it is a substantial compliance with the terms of that constitutional requirement.

The power of the courts to declare a statute unconstitutional is a high one, and is never exercised in doubtful cases To doubt is to resolve in favor of the constitutionality of the law; and we are unable to say that there is no doubt as to the unconstitutionality of the amendatory act under consideration.

The other questions in the case, discussed by counsel in their able briefs were fully considered and decided in the exhaustive and carefully prepared opinion in the case of *Moore* v. *City of Indianapolis, post,* p. 483, and need not be again considered here.

Judgment affirmed.

