FIRST BANK & TRUST COMPANY OF SOUTH BEND *v.*
RALSTON, AUDITOR, ET AL.

[No. 27,944.   Filed May 31, 1944.   Rehearing denied
September 26, 1944.]

*Clyde P. Miller*, of Indianapolis, for appellant.

*Victor R. Jose, Jr.*, of Indianapolis, *James A. Emmert*, Attorney General, *Frank Hamilton*, First Assistant Attorney General, and *Joseph W. Hutchinson*, Deputy Attorney General, for appellees.

FANSLER, J.—The appellant brought this action for itself and all others in like situation seeking an injunction. It is alleged in the complaint that the plaintiff owns certain real estate in Marion County and certain "Barrett Law Bonds," which are a lien upon real estate in the City of Indianapolis, and that there are many others in like situation; that the bonds were issued between the years 1925 and June 29, 1941; that there are delinquencies in taxes and delinquencies in installments of Barrett Law assessments on property upon which the plaintiff's bonds are a lien, and that these parcels exceed in value all tax and special liens; that various parcels of property upon which appellant's bonds are a lien and various parcels of property owned by the plaintiff have been offered for sale on account of these delinquencies, but that on no occasion was a bid received sufficient to pay the taxes and Barrett Law assessments, and that, consequently, no sales were effected; that since the properties were offered for sale, chapter 224 of the Acts of 1941 (Acts 1941, page 714) was enacted; that the act is unconstitutional in certain enumerated respects; that the county officers are threatening to make sales pursuant to said enactment. The complaint prays an injunction. A temporary restraining order was issued without notice. There was a stipulation concerning certain uncontroverted matters, the restraining order was continued until further hearing, and, after answer, the cause was submitted to the court and there was a judgment dissolving the restraining order and for the defendants. The evidence, if there was any in addition to the stipulation, is not in the record. There is no evidence, or admission by stipulation, that the parcels of land exceed in value all tax and special liens, as alleged in the complaint. But if

this is so, the appellant has an adequate remedy by foreclosure of his liens.

Error is assigned upon the overruling of a motion for a new trial which questions the sufficiency of the evidence.

The appellant's contentions are that its Barrett Law bonds are affected by chapter 224 of the Acts of 1941, and that the act would deprive it of contractual rights under the bonds. The appellant relies upon § 10454, Burns' 1926, to the effect that payment of delinquent Barrett Law assesments shall be enforced by sale of the lands and lots liable therefor by the county treasurer "at the same time and place, and upon the same notice, as is prescribed by law for the sale of lands and lots for the payment of delinquent state, county, township, road, school, city, and other taxes, the property to be offered for sale and sold for the payment of all the taxes and assessments of every kind for which the same is liable, with interest, penalty and costs thereon, as one entire sum, and not separately for said assessments." The same act provides that the lien of the Barrett Law assessments shall have precedence over all liens except taxes, which means that taxes are a prior lien over Barrett Law assessments. In addition to the remedy afforded by a sale by the treasurer, Barrett Law bondholders have a remedy by foreclosure, which is, of course, also subject to tax liens.

Before the statute of 1941 there seemed to be no way in which the state and local governmental units could enforce their liens for taxes by sale of the property unless a bid was received sufficient in amount to pay all taxes and Barrett Law assessments. Nor was there any manner in which Barrett Law assessments might be collected by sale by the treas-

urer unless such a bid was received. The new statute, the one complained of, provides a remedy for the governmental units by sale of the land in satisfaction of the tax liens and in discharge of the junior Barrett Law liens. In certain cases the lands may be bid in by the county for the benefit of all governmental units. The appellant contends that the granting of this remedy to the taxing units deprives it of some substantive rights under its bond contract. We are not persuaded that it does. It still has its remedy by sale by the treasurer if a purchaser may be found who will pay the full amount of all liens, together with its remedy by foreclosure and sale subject to the tax liens. It never had the right to have its bonds satisfied out of the property unless and until the prior tax liens were satisfied. Unless and until a sale could be made by the treasurer for enough to satisfy all liens, the appellant's only remedy was foreclosure subject to tax liens. If the bond lien was foreclosed under the old statute and the real estate sold or bought in by the bondholder, it could then be resold for the taxes. The granting of a remedy to the governmental units by which the property could be sold to satisfy the taxes in the event it would not sell for enough to satisfy the taxes and lien, was the mere granting of an additional remedy to the governmental units without depriving the plaintiff of any substantial right or of any existing remedy. The lien on the property, or the amount due thereunder, is not altered or modified in any respect. The new statute affects merely the method of enforcement. Judge Cooley says: "Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract; and it does not impair it, provided it leaves the parties a substantial remedy, according to

the course of justice as it existed at the time the contract was made." Cooley's Constitutional Limitations, 8th Ed., Vol. 1, pages 585, 586. "It has accordingly been held that laws changing remedies for the enforcement of legal contracts, or abolishing one remedy where two or more existed, may be perfectly valid, even though the new or the remaining remedy be less convenient than that which was abolished, or less prompt and speedy." *Ibid.*, page 587. This rule is recognized everywhere. See *Webb, Auditor, etc., et al.* v. *Moore* (1865), 25 Ind. 4; *Hastings* v. *Gault et al.* (1940), 216 Ind. 315, 25 N. E. (2d) 232; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 48 N. E. (2d) 649.

The appellant questions the sufficiency of the title of the act of 1941. The title describes the act as amending certain sections of certain acts, and repealing all laws in conflict therewith. The subject-matter of the act is within the purview of the title of the acts amended. The cause falls within the rule referred to in *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844. The statute is not subject to the infirmities pointed out in *Draper* v. *Zebec et al.* (1942), 219 Ind. 362, 37 N. E. (2d) 952, 38 N. E. (2d) 995.

The liens of purchasers at tax sales always have been junior to the liens of subsequent taxes and the liens of purchasers at subsequent tax sales.

The appellant suggests that the statute should not be construed to apply to cases in which property has been advertised for sale prior to its passage. There is no room for construction. The language of the statute is clear. The expressions: "Whenever any real estate has been or shall hereafter be advertised and offered for sale," and ". . . where taxes

upon any real estate have at the time of the passage of this act been unpaid and delinquent for five or more years," are too clear to permit of doubt as to the legislative intent.

Much is said concerning the character of the title which the county will have if and when it bids in property upon a tax sale. We are not presently concerned with this question, since no such situation has arisen.

Judgment affirmed.

NOTE.—Reported in 55 N. E. (2d) 115.