O'DONNELL v. KRNETA ET AL.

[No. 29,673. Filed November 19, 1958.]

584

*Philip M. Cagen,* of Valparaiso, for appellant.

*Lester L. Wilson,* of Winamac and *Thomas B. Dumas,* of Rensselaer, for appellees.

ARTERBURN, J.—This is a quiet title action by appellees to set aside a tax deed under which the appellant claims title as a successor to the interest of the original purchaser at tax sale. The property was sold for delinquent taxes on April 13, 1942, and a tax deed issued by the auditor on April 13, 1944. The complaint in this action was filed on September 14, 1951. The principal defense below and asserted here for reversal is that the appellees' action was barred by a special one year statute of limitation written in the tax laws, while appellees insist that only the general fifteen year statute of limitations (Burns' §2-603) applies in cases such as this.

No question is raised as to the procedure by which the alleged errors are presented to this court and we therefore need not detail it here. It is appellant's contention that the cause of action is barred by Burns' Indiana Statutes, §64-2203a [Acts 1947, ch. 309, sec. 2] and §64-2212, [Acts 1941, ch. 224, sec. 4], both of which limit the bringing of actions to contest tax titles to one year after the execution of the auditor's deed.

The Act of 1919, ch. 59, is a comprehensive tax act purporting to cover the entire field of taxes and the sale of real estate that is tax delinquent. The original 1919 Act contained no provision therein with reference to a statute of limitations. However, in 1941 and 1947

this statute was amended. The amendatory Act of 1947, ch. 309, sec. 2, p. 1255 (Burns' §64-2203a) reads as follows:

"*Sales, certificates and deeds legalized—Pending litigation excepted—Limitation on actions.*—All sales of real estate heretofore made to any county or other persons pursuant to chapter 224 of the Acts of 1941 [§§64-1407, 64-2203, 64-2205, 64-2212—64-2214] and all acts amendatory thereof, and all certificates and deeds heretofore executed by county auditors for any such real estate pursuant thereto are hereby legalized and rendered valid. Nothing in this section shall affect pending litigation. From and after the passage of this act, no action to contest the validity of any title acquired as a result of any sale of real estate so acquired by any county or other persons under said chapter 224 and acts amendatory thereof shall be brought after the expiration of one [1] year from the date of the execution of the deed to the county or other persons."

The amendatory Act of 1941, ch. 224, sec. 4 (Burns' §64-2212) reads as follows:

"*Limitation of action.*—No action to contest the validity of any title acquired as a result of any sale of any real estate *under this act* shall be brought after the expiration of one [1] year from the date of the execution of the deed." (Our italics.)

It may be seen, we have one statute of limitation passed prior to the sale and deed and one act subsequent thereto.

Appellees contend that the words "under this act" in the 1941 amendment are to be construed as referring only to the amendments made in 1941 and thus would apply only to sales *by the county*, since the 1941 amendment for the first time empowered *the county to purchase* property that was delinquent for taxes and offer the same for sale. The property in question was not

a purchase by the county for delinquent taxes and a sale thereon and would thus not fall within such limitation under such an interpretation. The 1947 amendment, it is contended, does not apply because it was enacted subsequent to the sale and execution of the deed. It is not necessary for us to consider that question in view of what we have to say concerning the 1941 Act.

The Acts of 1941, sec. 2 completely revised sec. 260 of the original 1919 act providing for the manner of sale under that act. In fact, there could no longer, after the 1941 amendment, be any sale except pursuant to the amendment of that year. We must conclude that the sale and deed executed were pursuant to the amendatory act of 1941. The words "under this act" in section 4 (statute of limitations) therefore referred to the act under which the sale and deed were made in this case. If the legislature had intended to limit the amendment as contended by appellee, it could have said "under the amendments to this act" or otherwise have specified the particular sections. The word "act" as used in the amendment referred to the entire act as amended. Accordingly the one year statute of limitations is applicable.

The appellees next contend that section 4 (statutes of limitation) of the Act of 1941, ch. 224 (Burns' §64-2212) is unconstitutional, because the title to chapter 224 of the Acts of 1941 is defective. The title is as follows:

"AN ACT to amend Section 1 of an act entitled 'An act to amend Sec. 209 of "An act concerning taxation, repealing all laws in conflict therewith and declaring an emergency," approved March 11, 1919, and declaring an emergency,' approved March 12, 1925, and to amend Sec. 3 of an act entitled 'An act to amend Sections 258, 259, 260 and 283 of an act entitled "An act concerning taxa-

tion—repealing all laws in conflict therewith and declaring an emergency," approved March 11, 1919; approved February 7, 1931, and to amend Sec. 262 and to repeal Sections 222 and 261 of an act entitled 'An act concerning taxation, repealing all laws in conflict therewith and declaring an emergency,' approved March 11, 1919, and repealing all laws in conflict therewith."

The constitutional provisions applicable are Section 19 of Article 4 of the Constitution of Indiana, which provides:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

and Section 21 of Article 4, which reads:

"No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length."

Appellee says sec. 209 of the Acts of 1919 is amended by sec. 1 of the amending Act of 1941; That amendment of section 3 referred to in the title is accomplished by section 2 of the amending act; Section 3 amends section 262 of the 1919 Act and section 222 and 261 thereof are repealed by section 6 as stated in the title; However, section 4 of the amendatory Act of 1941 provides for a statute of limitation (1 year) and no statute of limitation is contained in the 1919 act sought to be amended and the amendatory act of 1941 does not state that sec. 4 thereof amends any specified section in the original Act of 1919. Since section 4 does not state it amends any specific section in the title of the amendatory act, it is argued, section 4 is unconsti-

tutional on the authority of *Draper* v. *Zebec* (1941), 219 Ind. 362, 37 N. E. 2d 952, 38 N. E. 2d 995.

The appellant, on the other hand, contends that under the numerous decisions of this court an amendatory act may add or substitute sections dealing with different subject matters from those which they replace or repeal in the original act so long as such amendments still come within the purview of the title of the original act to be amended. *State ex rel. Meyer-Kiser Bank* v. *Superior Ct.* (1931), 202 Ind. 589, 177 N. E. 322; *State* v. *Lewis* (1924), 195 Ind. 344, 145 N. E. 496; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057; *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374; *Brandon* v. *State* (1861), 16 Ind. 197.

The title to the original act of 1919, ch. 59 is:

"AN ACT concerning taxation—repealing all laws in conflict therewith and declaring an emergency."

A statute of limitation confined to actions relating to the subject matter of the title to an act is within the purview of such title. An amendatory act which purports to add a statute of limitations to actions contesting tax title comes within the purview of a general act "concerning taxation". *Wright-Bachman, Inc.*, v. *Hodnett et al.* (1956), 235 Ind. 307, 133 N. E. 2d 713; *Wright* v. *House* (1919), 188 Ind. 247, 121 N. E. 433; *Farrar* v. *Clark et al.* (1882), 85 Ind. 449. Were it not for the fact that the Act of 1941 is an amendatory act rather than an independent or new general act, the question would be easily resolved.

The case of *Draper* v. *Zebec, supra,* relied upon by appellees overruled *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374 and limited other cases in that line of authority. *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103; *Cain* v. *Allen* (1906), 168 Ind. 8, 79 N. E.

201, 79 N. E. 896; *Lewis* v. *The State* (1897), 148 Ind. 346, 47 N. E. 675; *Brandon* v. *State* (1861), 16 Ind. 197; *The State* v. *Bowers* (1860), 14 Ind. 195.

The Stiers Case held: (p. 654)

"Under the decisions of this court the mere fact that the proviso of the amendatory act of 1901, *supra,* refers to matters not germane to the subject-matter of the particular section it purports to amend does not render it unconstitutional and void, if the subject-matter incorporated in the amendment is within the purview and is germane to the title of the act amended."

This court said the same thing in *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, p. 6, 197 N. E. 844:

". . . The legislature may repeal any or all of a given statute, or it may amend by substituting sections which differ entirely from the original, *so long as the amended sections are germane to the subject-matter of the entire statute as expressed in the title.*" (Our italics.)

However, the same judge who wrote the opinion in the Nicely Case, *supra,* in *Draper* v. *Zebec* (1941), 219 Ind. 362, 383, 37 N. E. 2d 952, 38 N. E. 2d 995, when it came up on rehearing, said:

"It is clear that the subject-matter of an amending act may be as broad as the title of the act which is amended *unless the title of the amending act restricts the subject-matter to a narrower field.*"

The opinion then states (p. 387): "that the subject-matter of the amendatory act must come within the purview of the section of the original act indicated for amendment in the title of the amendatory act."

Just how the legislature "may amend by substituting sections which differ entirely from the original" section and still "stay within the purview of the sections"

designated for amendment is difficult for us to understand. There is an obvious inconsistency in these words and the cases in which they are used. This conflict is all the more evident when the issue before the court in the *Nicely* v. *Wildey Case, supra* (p. 6), is stated thus:

"The relatrix contends that, since the amended section 8 deals with a different subject and is not germane to the subject of the section sought to be amended, it is unconstitutional and ineffective, and that therefore the original section 8 is still in force. It is not contended, however, that the subject-matter of the new section 8 is not within the title of the act."

We do not find that the Nicely Case is mentioned in the opinion in the Draper Case, although written by the same judge.

The confusion is not dissipated in *First Bank & Trust Co. of South Bend* v. *Ralston* (1944), 222 Ind. 584, 55 N. E. 2d 115, when this court, speaking through the same judge, said: (p. 589)

"The appellant questions the sufficiency of the title of the act of 1941. The title describes the act as amending certain sections of certain acts, and repealing all laws in conflict therewith. The subject-matter of the act is *within the purview of the title of the acts amended.* The cause falls within the rule referred to in *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844. The statute is not subject to the infirmities pointed out in *Draper* v. *Zebec et al.* (1942), 219 Ind. 362, 37 N. E. 2d 952, 38 N. E. 2d 995." (Our italics.)

The Act of 1941 referred to is the same act under consideration here. Peculiarities in the Draper Case were also pointed out in *Griffin Tel. Corp.* v. *Public Serv. Com.* (1956), 236 Ind. 29, 138 N. E. 2d 150.

In the Nicely Case the contention that the amendatory section dealt with a different subject-matter from

that of the section amended was disposed of by stating it was covered by the general title of the act amended and was constitutional, while in the Draper Case the judgment was reversed for the same reason, namely that the subject-matter of the amendment was not germane to the original section it purported to amend.

With this unsatisfactory state of the law existing, we are compelled to review the question anew in this case.

To require in an amendment to an act that the subject-matter of the amendment must stay within the purview of the particular section purported to be amended, places a restriction on legislative procedure, not warranted by the constitution. Attempts to determine in each case just what is within the scope of the original section intended to be amended and whether or not the proposed amendment was germane to such section, would create endless uncertainty and encourage litigation. It would involve a legislative draftsman and the courts in an inextricable morass in attempting to make such determinations.

Under such a rule, if no section of the original act covered the subject-matter of the proposed amendment (as in the present case of the statute of limitations) and although the title to the original act was sufficiently broad to do so, still the old act could not be amended except by an entirely new act and then only by implication.

Likewise, an original act could not have additional sections added thereto by amendment if the subject-matter was not already contained in one or more of the existing sections and such sections were designated in the title of the amendatory act. New additional sections added to an act are as truly amendments as an outright repeal of any section.

The problem here spills over into the question of repeal by implication.

The appellee urges that the Act of 1941, sec. 4 (special statute of limitations) is unconstitutional because it attempts to repeal by implication the general statute of limitations of fifteen years. (Acts 1881, ch. 33, sec. 39, p. 240, Burns' §2-603) In our opinion the 1941 Act, being a later act on a special subject which conflicts with a general act, does repeal by implication the earlier statute to the extent that there is no such conflict. A general statute may be repealed, limited or modified by implication to the extent that a later statute of a more special nature is inconsistent with the earlier Act. *Burd* v. *McCullough* (C. C. A.) (1954), 217 F. 2d 159; *De Haven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. 2d 184; *Daniels* v. *The State* (1898), 150 Ind. 348, 50 N. E. 74; *Western & Southern Indemnity Co.* v. *Cramer* (1937), 104 Ind. App. 219, 10 N. E. 2d 440.

However, the *Draper* v. *Zebec* Case, *supra,* (p. 381), says in part that an act ". . . to amend and modify certain specified sections of an existing law, cannot be treated as amending or repealing other unspecified sections or other laws by implication, . . ."

We feel this is too broad a statement with reference to repeal by implication. There is nothing in the Constitution of Indiana which expressly limits repeals by implication to so-called independent acts. Repeals by implication are just as effective as those which are expressed. They result from necessity where conflicts in legislation exist.

There is no basic reason for holding repeals by implication may result in the enactment of a new or so-called independent act but not in an amendatory act if the amendatory act or section is set forth in full, as provided by Art. 4, sec.

21 of the Constitution. An amendment becomes an integral part of the original act after so amended and if a repugnancy exists with another earlier statute as a result of the amendment, the same problem arises as in an independent act that does not purport to amend any act, although it actually conflicts with and is inconsistent with another prior act not referred to in the title.

So long as the title of the amending act refers to the title of the act to be amended, there is not as much opportunity for deception as in the case of an independent act, which does not refer to the act which it will repeal by implication as a result of repugnancy. If there is any constitutional provision which would prohibit a repeal by implication in an amendatory act but exempts so-called independent acts from its provisions, such has not been pointed out to us.

Article 4, sec. 21 of the Constitution of Indiana, requiring the wording of an act or section as amended to be set forth in full, places no restriction on direct or implied repeals or amendments if there is a compliance with that provision as in this case, when the extra or additional section was set forth in full. *State ex rel. Meyer-Kiser Bank* v. *Superior Ct.* (1931), 202 Ind. 589, 177 N. E. 322; *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374; *Bush* v. *The City of Indianapolis* (1889), 120 Ind. 476, 22 N. E. 422: *Branham* v. *Lange* (1861), 16 Ind. 497.

We recognize that there are many conflicting statements to be found in the cases in this state on this question. Some are in point; some are *obiter dicta*. It would serve no purpose to review these cases with the hope of distinguishing them. Very few of these cases give any basic reasons for their statements. A better purpose to be served is to consider the basic

reason for the constitutional provisions under consideration.

It has been said, time after time, that both sec. 19 and sec. 21 of Article 4 of the Constitution of Indiana are to prevent surprise or fraud by including in the body of an act matter of which the title gives no indication and to apprise members of the legislature and public of the subject-matter of the proposed legislation.

One of the cases which impresses us with the study and analysis given to these constitutional provisions involved is *Bush* v. *The City of Indianapolis* (1889), 120 Ind. 476, 22 N. E. 422. It says: (pp. 479, 480, 481)

> "Section twenty-one, article four, of our State Constitution is as follows: 'No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length.' R. S. 1881, p. 20.
>
> "This provision is found in the constitutions of Nevada, Oregon, Texas, and Virginia, and provisions of similar import are to be found in the constitutions of Kansas, Ohio, Michigan, Louisiana, Wisconsin, Missouri, and Maryland.
>
> "It was formerly held by this court that in order to constitute a valid amendment to a statute, under this constitutional provision, it was necessary not only to set out the section as amended, but also the section to be amended, *Langdon* v. *Applegate,* 5 Ind. 327; *Rogers* v. *State,* 6 Ind. 31.
>
> "But in the case of *Greencastle, etc., Turnpike Co.* v. *State ex rel.,* 28 Ind. 382, these decisions were overruled, and it is now well settled that it is not necessary to set out the section to be amended, and that the constitutional requirement is fulfilled by setting out the section as amended.
>
> "In the case of *Feibleman* v. *State ex rel.,* 98 Ind. 516, it was held that the section of the Constitution now under consideration required that an act amending a former statute should refer to the title of the act sought to be amended. It must be

obvious to every one, however, that this section of the Constitution, as well as all other constitutional provisions, is to be construed in the light of the evil sought to be remedied or avoided.

"The Constitution of the State of Michigan contains the following provision: 'No law shall be revised, altered or amended by reference to its title only; but the act revised, and the section or sections of the act altered or amended, shall be re-enacted and published at length.' Const. Mich., article 4, section 25.

"In the case of *People ex rel.* v. *Mahaney*, 13 Mich. 481, where the construction of this constitutional provision was involved, Judge COOLEY said: 'The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation.'

"In the case of *Mok* v. *Detroit Building, etc., Ass'n.* 30 Mich. 511, where this provision of the Constitution was again called in question, the same learned judge says: 'Alterations made in the statutes by mere reference, and amendments by the striking out or insertion of words, without reproducing the statute in its amended form, were well calculated to deceive and mislead, not only the Legislature as to the effect of the law proposed, but also the people as to the law they were to obey, and were perhaps sometimes presented in this obscure form from a doubt on the part of those desiring or proposing them of their being accepted if the exact change to be made were clearly understood. Harmony and consistency in the statute law, and such a clear and consecutive expression of the

legislative will on any given subject as was desirable, it had been found impracticable to secure without some provision of this nature.'

"These opinions, we think, clearly and concisely state the object sought to be attained by the framers of our Constitution in the section now under consideration."

Sometimes it is said where additions are made to an earlier statute which is referred to in the title of an act, that the addition is "supplemental" and is not amendatory; therefore the same constitutional provisions do not apply to the "supplemental" acts as to amendatory acts, but we fail to follow this play on words since it merely points up the dilemma in which the court finds itself in attempting to carry out a rule not logical in its operation nor based upon the policy behind the constitutional provisions. *McCleary* v. *Babcock* (1907), 169 Ind. 228, 82 N. E. 453.

The statement in *State* v. *Closser* (1912), 179 Ind. 230, 235, 99 N. E. 1057, 1059, made concerning the same question we have before us now, we feel should be our guide:

"The courts with great unanimity strictly enforce the provisions in all cases falling clearly within the evils intended to be remedied by it. On the other hand, in cases not clearly within the mischiefs, they construe it liberally to give convenient and necessary freedom, so far as is compatible with the remedial measure to the lawmaking power. To facilitate proper legislation, it will not be interpreted in a strict, narrow or technical sense, but reasonably. [cases cited]"

We therefore hold that although sec. 4 of the Acts of 1941, ch. 224 (purporting to amend by its title the Act of 1919) does not designate in the body of the amending act any specific section to be amended, and although no other section in the

original act covers the same subject-matter as sec. 4 (statute of limitations), still, since the subject-matter of sec. 4 falls within the purview of the act to be amended, it is a valid amendment thereto by the addition of a section thereto.

We further hold that an amendatory act may repeal or modify another statute by implication to the same extent as a so-called independent statute may, and therefore sec. 4 of the amendatory Act of 1941 repeals and limits the earlier general statute of limitations to the extent that it is repugnant thereto in the limited area it purports to cover.

*Draper* v. *Zebec, supra,* insofar as it conflicts with the principles laid down in this opinion, is overruled.

It is not urged in this case that the tax sale or deed was a nullity or that the statutes of limitation were tolled by reason of lack of notice, fraud or concealment.

It is however contended that the auditor did not certify on his record the time and place of publication and posting of notice. That does not prove no notice was given nor that the sale was a nullity *ab initio.* The appellee was the plaintiff below and had the burden of proof. However, since the action was not brought within the proper statutory period, such matter can not now be reviewed.

Judgment reversed, with directions to grant a new trial.

Landis, Achor and Emmert, JJ., concur.

Bobbitt, C.J., concurs in result.

NOTE.—Reported in 154 N. E. 2d 45.