STATE EX REL. METROPOLITAN THROUGHFARE
AUTHORITY ETC. *v.* NUTTING ETC.

[No. 30,640. Filed December 23, 1964.]

*O. T. Kilgore,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General of Indiana, *J. Van Brown* and *John E. Hirschman,* Deputy Attorneys General for appellees.

*Lloyd L. DeWester, Jr., Ross P. Walker* and *George L. Diven,* all of Indianapolis, for appellee Dallas Sells.

LANDIS, J.—This appeal stems from an adverse judgment in a mandamus action brought by appellant in the lower court, which sought to compel appellees C. Allen Nutting, as Commissioner of Motor Vehicles, and the Bureau of Motor Vehicles, to continue the collec-

tion of the so-called $10.00 Thoroughfare Tax on all motor vehicles oriented in Marion County, Indiana, pursuant to ch. 386 of the Acts of 1963[1] and a certain concurrent resolution by the Marion County Council and the Common Council of the City of Indianapolis provided for in said statute. The suit also asked that the appellees above named be ordered to pay over forthwith said tax money to appellant.

The action originally filed in the Marion Circuit Court was transferred to Marion Superior Court, Room 3, and thereafter appellee Dallas Sells filed petition to intervene as a party defendant and filed answer.

Appellant has contended the court erred in overruling appellant's objection to appellee Sell's petition to intervene and in allowing him to intervene as a party defendant. The record, however, is silent as to the existence of any such objection, and appellant has therefore waived any question as to the correctness of the ruling of the trial court.

The cause was heard by the lower court upon an agreed stipulation of facts resulting in a finding and judgment for plaintiff-appellant as to the collections and distribution of thoroughfare taxes from owners of all motor vehicles oriented in Marion County, Indiana, excepting passenger motor vehicles, and otherwise entering a finding and judgment for defendants-appellees.

Appellant has appealed to this Court assigning as error the overruling of the motions for new trial.

Appellant contends the lower court's decision exclud-

1. Burns' §§36-3401, et seq. (1964 Supp.)

ing owners of passenger motor vehicles from the tax was contrary to law and that under ch. 386 of the Acts of 1963 appellant was entitled to a mandate against appellees, the Bureau of Motor Vehicles and Nutting as Commissioner, as to all motor vehicles oriented in Marion County, Indiana.

However, appellees, in support of the trial court's ruling, argue that the collection of the $10.00 Thoroughfare Tax from owners of *passenger* motor vehicles was unlawful, unauthorized and contrary to the laws of Indiana for the reason that §13, ch. 386 of the Acts of 1963[2] and said concurrent resolution of the city and county councils pursuant thereto,[3] defined limits and confined the amount of such taxes in relation to the divisions and classifications of vehicles described in §64, ch. 304 of the Acts of 1945 as amended, but that said

2. "Sec. 13. Thoroughfare Tax—Authority of County Council and Common Council to Impose within Maximum Limits. The concurrent resolution of the county council of the County and the common council of the City, establishing a schedule of Thoroughfare Taxes to be imposed upon the Owners of Vehicles Oriented in the County, adopted under Section 3 of this act, *shall limit the amounts of such taxes in the division and classifications of vehicles described in Section 64 of ch. 304 of the Acts of 1945 as amended, so as not to exceed the following:*
"a. For Vehicles of all classifications of the first division, which shall include hearses and ambulances, and for the first two classifications of the second division, involving all classifications up to and including Trucks, "the declared gross weight of which does not exceed seven thousand (7,000) pounds," a Thoroughfare Tax of not to exceed $10 for each Vehicle." (Emphasis added.)

3. "Sec. 3. There is hereby established the following schedule of Thoroughfare Taxes to be imposed upon the owners of vehicles oriented in Marion County, and a levy of the same is hereby made pursuant to the provisions of the act, and *the amounts of such tax in the divisions and classifications of vehicles described in Section 64 of Chapter 304 of the Acts of the Indiana General Assembly of 1945*, as amended, shall be in the following amounts beginning with the year 1964, to-wit:
"a. For vehicles of all classifications of the first division, which shall include hearses and ambulances, and for the first two classifications of the second division, involving all classifications up to and including trucks, 'the declared gross weight of which does not exceed seven thousand (7,000) pounds,' a Thoroughfare Tax of $10.00 for each vehicle." (Emphasis added.)

latter mentioned statute as involved in this case did not and does not now contain a division or classification of *passenger* motor vehicles.

In support of this argument it is urged that the provisions of §64, ch. 304 of the Acts of 1945, as amended, containing the division and classification of passenger motor vehicles was repealed by §11, ch. 345 of the Acts of 1961.

The Acts of 1945, as amended in 1955 (§10, ch. 273), provided in pertinent parts as follows:

"SEC. 10. . . . Section 64 of the above entitled act is amended to read as follows: Sec. 64. (a) The fees hereinafter prescribed in this subsection shall be paid to the department:

For certificate of title, one dollar ($1.00).

For delinquent title fee, two dollars ($2.00).

For duplicate certificate of title, one dollar ($1.00).

(b) The fees hereinafter prescribed in this subsection shall be paid to the department for the registration or re-registration of vehicles, subject to registration hereunder.

"For the purpose of fixing the registration fees under this act, motor vehicles as a class shall be divided into two divisions: First: The first division shall consist of passenger vehicles that are designed and used for the carrying of not more than seven (7) persons. Second: The second division shall consist of vehicles which are designed and used for the pulling or carrying of freight, goods, wares, merchandise, or property of any kind, including trucks, trailers, semi-trailers and tractors, excepting as hereinafter provided; also vehicles, motor cars or motor busses designed and used for the carrying of more than seven (7) persons.

"The registration fees for motorcycles and motor vehicles of said first division, so registered, shall be at the following rates:

"For each motorcycle the sum of three dollars ($3.00) per annum.

"For each passenger motor vehicle of less than twenty-five (25) horsepower and weighing less than two thousand five hundred (2,500) pounds, seven dollars ($7.00).

"For each passenger motor vehicle of less than twenty-five (25) horsepower and weighing two thousand five hundred (2,500) pounds and less than three thousand (3,000) pounds, eight dollars ($8.00).

"For each passenger motor vehicle of less than twenty-five (25) horsepower and weighing three thousand (3,000) pounds, and less than thirty-five hundred (3,500) pounds, nine dollars ($9.00).

"For each passenger motor vehicle of less than twenty-five (25) horsepower and weighing three thousand five hundred (3,500) pounds or more, ten dollars ($10.00).

"For each passenger motor vehicle of twenty-five (25) horsepower or more, and weighing less than two thousand five hundred (2,500) pounds, ten dollars ($10.00).

"For each passenger motor vehicle of twenty-five (25) horsepower or more, and weighing two thousand five hundred (2,500) pounds, and less than three thousand five hundred (3,500) pounds, eleven dollars ($11.00).

"For each passenger motor vehicle of twenty-five (25) horsepower or more, and weighing three thousand five hundred (3,500) pounds or more, twelve dollars ($12.00).

"For each electric passenger motor vehicle, ten dollars ($10.00).

The 1961 Act (Sec. 11, ch. 345) provided in part:

"Notwithstanding the provisions of Section 10 of Chapter 273 of the Acts of 1955, the annual registration fee on each passenger motor vehicle of less than twenty-five [25] horsepower shall be eight dollars [$8.00]; the annual registration fee on each passenger motor vehicle of twenty-five [25] horsepower or more shall be twelve dollars [$12.00].

The 1961 Act also contained a general repealer

clause, repealing all laws and parts of laws inconsistent with said Act.[4]

It is thus clearly evident that the 1961 Act set a different schedule of fees or taxes contrary to that prescribed in the divisions and classifications of passenger motor vehicles in the 1945 Act, as amended, and thus repealed the conflicting provisions contained in the prior act, and it therefore appears that the Act of 1945, as amended, has not since the effective date of the 1961 Act contained a division or classification of *passenger* motor vehicles specifying what the fees or taxes thereon should be. It will be noted, however, that the schedule of fees or taxes in the division or classification for non-passenger vehicles contained in the amended 1945 Act, was not disturbed by the 1961 Act.

The record discloses that appellees, Bureau of Motor Vehicles and Nutting as Commissioner, heretofore recognized the fact that the 1961 Act repealed portions of the 1945 Act as amended, by collecting registration fees under the 1961 Act in the amounts of $8.00 and $12.00 as therein provided.

Appellant has argued that the conflict between the two Acts involved only the fee schedule and did not affect that portion of the 1945 Act, as amended, which set up the two divisions of motor vehicles including the division of passenger vehicles (first division).

However, it does not appear that the legislature viewed the inconsistency and the consequent repeal as narrowly as appellant would urge, for the legislature in 1963 in its amendment of the 1945 Act, as amended, provided in pertinent part (ch. 246, §1) as follows:

"SECTION 1. Acts 1945, c. 304, s. 64, as last amended by Acts 1955, c. 273, s. 10, is further amended to read as follows: Sec. 64(a) The fees

4. Sec. 19, ch. 345, Acts of 1961, Burns' §47-2801 (1964 Supp.).

hereinafter prescribed in this subsection shall be paid to the department:

"For certificate of title, one dollar ($1.00).

"For delinquent title fee, two dollars ($2.00).

"For duplicate certificate of title, one dollar ($1.00).

"(b) The fees hereinafter prescribed in this subsection shall be paid to the department for the registration or re-registration of vehicles, subject to registration hereunder:

"For each motorcycle the sum of three dollars ($3.00) per annum."

It thus appears that not only did the legislature in the above 1963 Act recognize the elimination of the provision as to the fee schedule by the 1961 Act, but also recognized the removal by the 1961 Act of the provision as to the division and classification of passenger vehicles (first division). It is therefore clear that the legislature intended and recognized that the 1961 Act did repeal the entire description of a division and classification of passenger motor vehicles in the 1955 amendment of the 1945 Act.

It cannot be doubted that the legislature may accomplish a repeal in such a manner for the enactment of an act, specifically and fully covering the same subject matter as a prior act, operates to repeal the prior act to the extent of the conflict. See: *O'Donnell* v. *Krneta et al.* (1958), 238 Ind. 582, 593, 154 N. E. 2d 45, 50; *Wright-Bachman, Inc.* v. *Hodnett et al.* (1956), 235 Ind. 307, 320, 133 N. E. 2d 713, 719.

Appellant's contention that the Thoroughfare Act of 1963 in incorporating §64, ch. 304 of the Acts of 1945, as amended, really intended to adopt by reference the repealed provisions of §10, ch. 273, of the Acts of 1955 is not well taken.

It is the general rule that in order for a repealed act to be adopted by reference it is essential that a

clear legislative intent to do so appear. 50 Am. Jur., Statutes, §578, p. 574; 82 C.J.S., Statutes, §70, p. 124. We are here unable to find any legislative intent whatever to adopt the repealed provisions of the Act of 1955 when subsections 9 and 35 of §1 of the Thoroughfare Act make reference to ch. 304 of the Acts of 1945, *as amended both before and after the effective date of this Act.*

The 1955 amendment contained the passenger vehicle classification or division but the subsequent 1963 amendment did not. There is obviously no clearly expressed legislative intent to incorporate the repealed provisions of §10, ch. 273 of the Acts of 1955.

Appellant has further urged that ch. 246 of the Acts of 1963 which amended the Motor Vehicle Act (ch. 304, Acts of 1945, as amended by §10, ch. 273 of the Acts of 1955) cannot in any manner affect the provisions of the Thoroughfare Act which made reference to the passenger vehicle division of said 1955 amendment to the Motor Vehicle Act. Appellant states the amendment by ch. 246 is immaterial because such 1963 Act had no emergency clause and did not become effective until August 12, 1963, whereas the Thoroughfare Act of 1963 with its emergency clause became effective June 13, 1963. The Thoroughfare Act, therefore, by appellant's reasoning, incorporated the provisions of the Motor Vehicle Act prior to its amendment on August 12, 1963, by the subsequent version of the Motor Vehicle Act.

However, appellant has failed to recognize that irrespective of the chronology of the effective dates of the Thoroughfare Act and the 1963 amendment to the Motor Vehicle Act, these matters are immaterial as the adopting Thoroughfare Act plainly signified a legislative intention that the Motor Vehicle Act was to be

adopted in the form it existed *and might thereafter be amended.*

Such a legislative intention is recognized by the courts as appears from 50 Am. Jur., Statutes, §39, p. 59, viz:

" . . . whenever the language of the adopting act is such as to evidence an intention on the part of the legislature that the act as it then existed and as it might thereafter be amended is to be adopted, the courts will give effect to that intention, and the adopted act and amendments thereto will be held to be within the meaning of the adopting act and to govern the subject matter thereof."

This rule has been followed in this state as is evident from *State ex rel. Miller* v. *Leich* (1906), 166 Ind. 680, 682, 78 N. E. 189.

The expressed legislative intention that the Thoroughfare Act incorporate the amended version of the Motor Vehicle Act and thereby exclude the description of a division or classification of passenger motor vehicles from §64 of the latter Act, in our judgment warranted the trial court in concluding that passenger car owners were not covered by the Thoroughfare Act, and such fees were not subject to the mandate sought in this case.

To recapitulate, it is our view that §11, ch. 345 of the Acts of 1961 is expressly inconsistent with the passenger car provisions of §64, ch. 304 of the Acts of 1945, as amended in 1955 by §10, ch. 273 and thereby repealed the portion of said statute providing for a passenger car division and classification as of the effective date of the 1961 statute.

There being no clearly expressed legislative intent in the Thoroughfare Act (ch. 386 of Acts of 1963) to adopt those repealed provisions, as heretofore discussed, we must conclude that passenger motor vehicles

were not a division or classification of vehicles described in §64, ch. 304 of the Acts of 1945, as amended, and that pursuant to §13 of the Thoroughfare Act and the concurrent resolution adopted limiting and confining the imposition of a thoroughfare tax on owners of passenger motor vehicles, it is apparent that no clear duty devolved upon appellees, Bureau of Motor Vehicles and the Commissioner to collect the tax from such owners and remit the same to appellant. It follows that the lower court committed no error in refusing to mandate said appellees so to do, and in confining its mandate to non-passenger vehicles.

Appellant has further contended §11, ch. 345 of the Acts of 1961 is unconstitutional in view of this Court's opinion in *Wright* v. *Steers, Atty. General et al.* (1962), 242 Ind. 582, 179 N. E. 2d 721, 180 N. E. 2d 539, and that said section therefore could not have repealed portions of §10, ch. 273 of the Acts of 1955.

Although this Court held ch. 345 of the Acts of 1961 to be unconstitutional in *Wright* v. *Steers, Atty. General et al., supra,* the opinion on rehearing stated at p. 593 of 242 Ind., and p. 540 of 180 N. E. 2d:

" . . . In view of the severability clause, our opinion should not be construed as condemning Section 11 or holding it unconstitutional. That question was simply not presented to us and we did not adjudicate the matter."

Section 11 which imposes an annual registration fee on certain types of passenger vehicles according to horsepower is in our judgment complete in itself and capable of being fully executed. In fact, the Bureau of Motor Vehicles and the Commissioner have had no difficulty in carrying out its separate provisions since the remainder of the Act was declared unconstitutional in 1961. It is severable as we

held in the Wright case, and valid and enforceable as to this contention of appellant.

Appellant further opines that said §11 violates Art. 4, §19 of the Constitution of Indiana, providing:

"Every Act, amendatory act or amendment of a code shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. . . ."

It is appellant's position that the title of an act referring to "license taxes on motor vehicles" does not cover the subject of "registration and licensing" provided for in said §11. Appellant argues that "registration and licensing" is an exercise of the police power but that the title refers to "license taxes on motor vehicles" which is taxation.

However, the state is not limited to the imposition of license and registration fees upon motor vehicles under the police power alone, but may impose such a fee or tax for revenue purposes based upon the concept of compensation for the privilege of using the highways and payment for their deterioration. The state may of course impose a tax on motor vehicles for the purpose of constructing and maintaining the public highways. See: 7 Am. Jur. 2d, Automobiles and Highway Traffic, §54, p. 635.

Here the title to the Act providing for license taxes on motor vehicles was clearly sufficient to put the legislature and the general public on notice as to the registration and licensing provisions in the body of the Act. As we have many times said, the title need not contain a complete abstract of the contents of the act but it is sufficient if it gives notice of the general nature of the subject matter of the legislation. *Orbison* v. *Welsh, Governor et al.* (1962), 242 Ind. 385, 393, 179 N. E. 2d 727, 731, and cases therein

cited. Appellant's contention that the title of the Act is constitutionally deficient is untenable.

Appellant has further argued that §11 violates Art. 4, §19, for the reason that no part of any prior ■ act is set forth and published at full length as the constitution requires.

Art. 4, §19 was last amended in 1960 to provide:

"Every amendatory act and every amendment of a code shall identify the original act or code, as last amended, and the sections or subsections amended shall be set forth and published at full length...."

This is a substantial re-enactment of what was formerly Art. 4, §21, which was repealed in 1960.

As we stated in *O'Donnell* v. *Krneta et al., supra,* (1958), 238 Ind. 582, 594, 154 N. E. 2d 45, 50:

"Article 4, sec. 21 of the Constitution of Indiana, requiring the wording of an act or section as amended to be set forth in full, places no restriction on direct or implied repeals or amendments if there is a compliance with that provision as in this case, *when the extra or additional section was set forth in full.*" (Emphasis added.)

The "extra or additional section" above referred to is §11 in the statute before us, and it is set out in full. Moreover, §11 identifies §64, ch. 304, Acts of 1945, "as amended" by providing: Notwithstanding the provisions of §10, ch. 273, Acts of 1955" which is the last amendment of said §64. Appellant's contention that the prior act must be set forth and published in full is not the law as was held in the *O'Donnell* case, *supra,* and it follows that his contention that Art. 4, §19, was violated in this respect, is without merit.

Appellant has also attempted to attack collaterally a certain judgment rendered in another proceeding which was introduced in evidence in the court below,

but as the lower court's judgment was not dependent for its validity upon said prior judgment under the pleadings filed in this case, no purpose would be served in extending this opinion further to discuss the matter.

Judgment affirmed.

Arterburn, C. J., and Achor, J., concur.

Jackson, J., concurs in result.

Myers, J., not participating.

NOTE.—Reported in 203 N. E. 2d 192.