## HUFF ET AL. v. FETCH ET AL.

[No. 24,231. Filed May 13, 1924.]

1. DRAINS.—*Lakes.*—*Cutting Into.*—*Lowering Level of.*—*Statutes.*—Section 3 of the act of 1905 relating to the drainage of lakes, as amended in 1921 (Acts 1921 p. 257, §2, §6164 Burns' Supp. 1921), when construed with its title and preamble and with the drainage act of 1905 and subsequent drainage acts, does not make it unlawful to change or alter the bank of a lake or to change or interfere with the outlet of any lake unless it affects its water-level. p. 575.

2. STATUTES.—*Construction.*—*Title and Body Construed Together.*—*Preamble.*—In construing the body of an act, the title should be considered, and, if it has a preamble, it should be considered in determining the legislative intention. p. 576.

3. DRAINS.—*Lakes.*—*Statutes.*—*Pari Materia.*—The law of 1905 relating to the drainage of lakes and subsequent drainage laws, being, in *pari materia*, should be construed together. p. 576.

4. STATUTES.—*In Pari Materia.*—*Construed Together.*—All laws in *pari materia*, that is, all laws relating to the same subject-matter, should be construed together in determining the legislative intent, though they were enacted at different times and by different legislatures. p. 577.

5. LAKES.—*Drains Affecting.*—*Drain Emptying into Lake.*—*Statute.*—Section 1 of the act of 1905, Acts 1905 p. 447, relating to lakes and prohibiting the construction of drains so as to lower the surface of a lake, when construed with its title and preamble and contemporaneous and subsequent drainage statutes, as it must be, was not applicable to drains which emptied into lakes, but only to such drains as might lower the water-level of a lake, and the amendatory act of 1921 (Acts 1921 p. 257, §6162 Burns' Supp. 1921), being a re-enactment of the section in exactly the same language except that 160 rods was used instead of 40 rods as to the distance of drains that would lower a lake, permits the construction of a ditch through the bank of a lake where the ditch empties into the lake and will not lower its water-level. p. 577.

6. STATUTES.—*Amendment Using Same Language in Part.*—*Effect as to Unchanged Portion.*—The use of a part of the same language in an amendatory act as was used in the original act does not show a legislative intent to make any change in the meaning of the former language, but the unchanged portions of the statute are continued in force with the same meaning and same effect after the amendment that they had before. p. 577.

7. LAKES.—*Change of Banks, Dams, Outlet or Outlets Prohibited.*—*Statute.*—Section 2 of the act of 1921 (Acts 1921 p. 257, §6164 Burns' Supp. 1921) amending §3 of the act of 1905 (Acts 1905 p. 447), relating to the drainage and lowering of lakes, was intended to apply to and prevent the same character of acts that the original section applied to, namely, the making of any change in a dam, bank, outlet, or other part of a lake that would lower the water-level, the only intended change by the amendment being to prevent the digging or dredging in any outlet within a distance of 240 rods of the lake. p. 578.

8. STATUTES.—*Construction.*—*All Parts Effective, if Possible.*—An act should be so construed as to give effect to all its parts, if such construction is reasonable. p. 578.

9. STATUTES.—*Repeal.—By Implication.—Not Favored.*—Repeal of a statute by implication is not favored. p. 579.

From LaGrange Circuit Court; *James Story Drake,* Judge.

Drainage proceeding by Lewis Fetch and others against William Perry Huff and others. From a judg-ment establishing the drain, the defendants appeal. *Affirmed.*

*Foster & Foster, Deahl & Deahl* and *O. L. Ballou,* for appellants.

*Dunten & Dunten* and *Luke H. Wrigley,* for appellees.

GAUSE, J.—The appellees instituted this proceeding before the board of commissioners of LaGrange county, to establish a public drain in said county.

Said proceeding was appealed to the LaGrange Circuit Court and, in that court, on May 8, 1922, the appellants filed a verified pleading which they called an answer or plea in abatement, and in which it was alleged that said court had no power to proceed further or order said proposed drain established, for the reasons, as therein alleged, that the proposed drain would empty into a fresh water lake of more than ten acres in area and was to be constructed by cutting through the bank of said lake. It is alleged in said pleading that said ditch will drain 3,000 acres of land and empty the same into said lake. That there is a high bank to said lake where the proposed drain will empty into the same and it is proposed to cut through said bank with said drain, and that said drain will finally wash an opening ten feet in depth and fifty feet in width in said bank. That said drain is to be constructed with its bottom about three feet above the water-level of said lake, but that, because of the fall in said drain, the bottom will become washed out until it will be lower than the water level in the lake and within 160 rods of said lake. It

is alleged that said proposed drain so constructed will be contrary to chapter 103 of the Acts of the General Assembly of 1921, Acts 1921 p. 257, §6162 *et seq.* Burns' Supp. 1921.

The appellees' demurrer to this pleading was sustained. There was a judgment establishing said drain and appellants have appealed therefrom. The only error discussed by appellants relates to the action of the court in sustaining the demurrer to said pleading.

Appellants in said pleading, denominated an answer or plea in abatement, do not allege that the proposed drain will lower or in any manner affect the water-level of said lake, and the question for decision is whether it is unlawful to construct a drain which will empty into a fresh water lake in this state when such drain will neither lower, nor affect in any way, the water-level thereof.

Appellants claim that by the provisions of chapter 103 of the Acts of 1921 (Acts 1921 p. 257, *supra*) it is unlawful to cut through the banks of a fresh water lake to make a channel for a drain, and that it is not material whether the effect will be to change the water-level of such lake.

Appellees claim that said statute does not apply to a drain which empties into such lake, but only prevents the construction of any drain which will have the effect of lowering the water-level of the lake.

The act of 1921 is not an original act, but is amendatory of sections 1 and 3 of chapter 152 of the acts of 1905 (Acts 1905 p. 447). Said act of 1905 had the following title, "An act to preserve the fresh water lakes of the State of Indiana at their established level. and protect them from danger of being injuriously affected or destroyed by the lowering of the water thereof and providing penalties for violation thereof and declaring an emergency." Said act also had a preamble, as fol-

lows, "Whereas, It is desirable to preserve the fresh water lakes of the State of Indiana at their established water level and to protect them from danger of being injuriously affected or destroyed by the lowering of the waters thereof by any drains or ditches."

The first section of said act of 1905 (Acts 1905 p. 447) was as follows: "Section 1. That it shall be unlawful for any person or persons, firm or corporation, to locate, dig, make, dredge, or in any manner construct, or for any court, or board of commissioners, or body of viewers or drainage commissioners, to order or recommend the location, establishment or construction of any ditch or drain cutting into or through, or upon the line of any fresh water lake or lakes in the State of Indiana, or to locate, dig, make, dredge or in any way construct any ditch or drain, having a bottom depth lower than the present water line of such lake, within forty rods of any point on the line of such lake where the line or any portion thereof is known or ascertainable; or in case such line or any part thereof is lost and can not be ascertained, within forty rods from high water mark on the margin of such lake, such high water mark to be the highest point on such margin to which such water has arisen within the ten years last past."

The amendatory act of 1921 (Acts 1921 p. 257, supra) made no change in said section of the original act except to make the distance 160 rods instead of forty rods that any ditch with a bottom lower than the water-level of the lake could be constructed.

Section two of the act of 1905, (Acts 1905 p. 447) which is still in force and unamended, reads as follows: "Sec. 2. That it shall be unlawful for any person or persons, firm or corporation, to cut into or around, or to attempt to cut into or around, or in any manner interfere with, or attempt to interfere with, change or destroy, any dam, bank or levee already constructed, or

which, under the laws of this state may hereafter be constructed for the purpose of maintaining the level of the waters of such lake at their established level, or to cut into or through, or attempt to cut into or through, or in any way interfere with, or attempt to interfere with, the banks or shores of any such lake or any part thereof in such a way as to lower or tend to lower the waters of such lake."

Section three of the act of 1905 (Acts 1905 p. 447) was as follows: "Sec. 3. That it shall be unlawful for any person or persons, firm or corporation to interfere with, change or alter, or attempt to interfere with, change or alter any bank, dam, spillway, outlet or outlets of such lake in such manner as to lower the existing level of such lake or lakes."

The act of 1921 (Acts 1921 p. 257, supra) amended said section three to read as follows: "Section 3. That it shall be unlawful for any person or persons, firm or corporation, or for any court, or board of commissioners, or body of viewers or drainage commissioners to interfere with, change or alter, or attempt to interfere with, change or alter any bank, dam, spillway, outlet or outlets of any fresh water lake or lakes in the State of Indiana, or to dig or dredge, or in any way lower, or attempt to lower any outlet or part of outlet to any such lake at any point in such outlet within two hundred and forty (240) rods of any such lake."

It is appellants' contention that under this section as amended, it is unlawful to change or alter any bank of any such lake for any purpose, and that it is
1. immaterial whether such change or alteration will have any effect upon the water-level or not. The original of this section, as set out above, contained the provision that no such work should be done, "in such manner as to lower the existing level of such lake or lakes", and this provision is left out of the section

as amended in 1921 (Acts 1921 p. 257, *supra*). We think, however, that if we consider the whole act, including the title and preamble, as well as other laws relating to the same subject, the conclusion will necessarily be reached that this section three as amended only relates to such a change of or interference with the outlet of a lake as may affect its water-level.

It is a familiar principle that in construing the body of an act the title should be considered. Also that 2. if the act has a preamble, it should be considered in determining the legislative intention.

In both the title and the preamble to the act of 1905 (Acts 1905 p. 447) the legislature expressed the purpose of said act to be to preserve lakes at their established level, and to protect them from being injuriously affected by the lowering of the water thereof. The act of 1921 (Acts 1921 p. 257, *supra*) is only an amendment of the act of 1905 (Acts 1905 p. 447) under the same title.

The same legislature that passed this original act of 1905, also, on the same day, passed an act relating to drainage (Acts 1905 p. 456), and in section 4 of the drainage act, it was provided that no drain should be "located so close to any lake covering ten acres or more of ground as to lower the water level of the lake, and shall at no point be nearer than forty rods to the high water mark of such lake, 'excepting only where such drains empty into such lakes.'" This same provision excepting drains that empty into lakes has, since 1905, been three times incorporated in the general drainage law and its amendments. See, ch. 252, Acts 1907 (Acts 1907 p. 508); ch. 72, Acts 1919 (Acts 1919 p. 433); ch. 34, Acts 1920 (Acts 1920 [Spec. Sess.] 108).

The law of 1905 relating to the lowering of 3. lakes, and the drainage law of 1905 above referred to, are *in pari materia* and it has been

held by this court that these two laws should be construed together. *Holle* v. *Drudge* (1920), 190 Ind. 520.

It was held in the above case that a fresh water lake, as referred to in the act relating to lakes, meant a lake covering ten acres or more of land, as defined in the drainage act of 1905 (Acts 1905 p. 456, *supra*) and also of 1907 (Acts 1907 p. 508).

All laws *in pari materia*, that is, all laws relating to the same subject-matter, should be construed together in determining the legislative intention, and this 4. rule applies although the statutes were enacted at different times and by different legislatures. *State* v. *Gerhardt* (1896), 145 Ind. 439, 460, 33 L. R. A. 313.

A strict interpretation of section one of the act of 1905 (Acts 1905 p. 447) relating to lakes would seem to prohibit the construction of any ditch cutting 5, 6. into, through or upon the line of any fresh water lake; yet, in view of its title and preamble, and construing it in connection with the acts of 1905, 1907, 1919 and 1920, *supra*, relating to drainage, it is apparent that such provision did not apply to drains which emptied into lakes, but only to such drains as might lower the water-level. This section one of the act of 1905 relating to lakes, was re-enacted in exactly the same language in the act of 1921, Acts 1921 p. 257, *supra*, except that 160 rods was used instead of forty rods as to drains lower than the lake. The use of the same language in the amendatory act of 1921 (Acts 1921 p. 257, *supra*) does not show a legislative intent to make any change in the law by the re-enactment of the former language, "but the unchanged portions of the statute are continued in force with the same meaning and same effect after the amendment that they had before." *Thompson* v. *Mossburg* (1923), 193 Ind. 566.

VOL. 194—37

We think it is clear that neither section one of the act of 1905 (Acts 1905 p. 447) relating to lakes, nor this section as amended in 1921 (Acts 1921 p. 257, *supra*) prevents the construction of a ditch through the bank of a lake where the ditch empties into the lake and will not lower its water-level. The evident purpose of said section one was to prevent a ditch being constructed with a bottom lower than the water-level of the lake, and so near to said lake that the water therefrom might be drawn into said ditch.

As before stated, section two of the original act of 1905 relating to lakes remains in force unchanged. This section is the one which is intended to relate to the banks of a lake, and makes it unlawful to, "cut into or through, or attempt to cut into or through, or in any way interfere with, or attempt to interfere with, the banks or shores of any lake or any part thereof *in such a way as to lower or tend to lower the waters of such lake.*" (Our italics.)

In our opinion section two of the amendatory act of 1921 (Acts 1921 p. 257, *supra*) was intended to apply to and prevent the same character of acts that the 7. original section three of the act of 1905 (Acts 1905 p. 447) applied to, namely, any change in any dam, outlet or other part of the lake that could affect the water-level, and that the only intended change in said section by the amendment was to prevent the digging or dredging in any outlet within a distance of 240 rods of such lake.

This construction gives to each of the three sections of the act that are now in force some effect and meaning.

If section three of the amended act should be construed as prohibiting the cutting into or interfering with any bank regardless of its effect upon the water in the lake, as contended for by appellants, then section

two of said act is rendered meaningless and of no effect, because, under that section, it is only unlawful to cut into or interfere with the bank or shore of a lake in such a way as to lower or tend to lower the water therein.

It is not necessary to cite authority to the proposition that an act should be so construed as to give 8. effect to all its parts, if such a construction is reasonable.

Repeals by implication are not favored, and we are of the opinion that if the legislature had intended to make such a radical change in the existing law 9. as to prevent the construction of a ditch to drain surrounding farm land into a lake, when such drainage would not affect the water-level of the lake, such intention would have been made manifest in some unmistakable manner and not by ambiguous phraseology in an act the declared purpose of which was to prevent the lowering of the water-level of such lakes.

The court committed no error in sustaining a demurrer to the verified plea of appellants.

Judgment affirmed.