EVANSVILLE-VANDERBURGH METROPOLITAN BOARD OF ZONING APPEALS *v.* MEADOW RIDGE, INC.

[No. 20,438. Filed June 5, 1967. No petition for rehearing filed.]

*Jerome L. Salm, Robert S. Matthews* and *Ralph E. Moore,* all of Evansville, for appellant.

*Edwin W. Johnson* and *John L. Carroll,* both of Evansville, for appellee.

CARSON, P. J.—The question presented in this appeal involves the capacity of the Evansville-Vanderburgh Metropolitan Board of Zoning Appeals to maintain a suit for an injunction against an alleged violation of a zoning ordinance.

The appellant filed its complaint which appellee answered in admission and denial under Rule 1-3. At the commencement of the trial, the appellee moved to dismiss on the grounds the appellant was not a legal entity; after the appellee so moved, the appellant moved to substitute the Evansville-Vanderburgh Metropolitan Planning Commission as plaintiff. The motion to substitute was denied and the motion to dismiss was granted and judgment accordingly entered by the court for the appellee.

The appellant filed a motion for a new trial alleging the following errors:

1. Error of law in holding the Evansville-Vanderburgh Metropolitan Board of Zoning Appeals was not a legal entity and had no capacity to sue.
2. Error of law in not allowing the Evansville-Vanderburgh Metropolitan Planning Commission to be substituted as plaintiff instead of Evansville-Vanderburgh Metropolitan Board of Zoning Appeals.
3. The decision of the court is not sustained by sufficient evidence.
4. The decision of the court is contrary to law.

On appeal the error alleged is the overruling of the motion for a new trial.

On appeal the appellant contends it has the capacity to sue or in the alternative that if it does not have such capacity, the defendant waived such defect by answering or that if the appellee did not waive the defect, the appellant should have been allowed to amend its complaint.

We will first discuss appellant's contention that the Evansville-Vanderburgh Metropolitan Board of Zoning Appeals is a legal entity and has the capacity to bring suit to enjoin a violation of a zoning ordinance.

The Legislature in 1947, enacted a general act (Acts 1947, ch. 174, pp. 571-601) granting the authority to a city council, town board of trustees, or board of county commissioners to create a plan commission, Ind. Stat. Anno. § 53-701 (1964 Repl.). Such plan commission has the power to sue and be sued by its legal name, "————— Plan Commission," Ind. Stat. Anno. § 53-728 (9) (1964 Repl.). The City Council or County Board of Commissioners was given a statutory mandate to create a board of zoning appeals as part of the zoning ordinance, Ind. Stat. Anno. § 53-767 (1964 Repl.). The powers and duties of the board of zoning appeals are enumerated in Ind. Stat. Anno. § 53-778 (1964 Repl.). This section does not include as one of the statutory powers the power to institute a suit for the violation of a zoning ordinance. However, such power is given to the plan

commission, the board of zoning appeals or any designated enforcement official in Ind. Stat. Anno. § 53-791 (1964 Repl.).

In 1953, the Legislature gave statutory authorization for a metropolitan planning commission in counties having a population of more than 125,000 and less than 175,000 wherein there is a city having a population of more than 125,000 (Acts 1953, ch. 258, § 1, p. 929).

The 1953 Act was amended in 1959 (Acts 1959, ch. 59, pp. 126-127) and 1961 (Acts 1961, ch. 114, pp. 217-221). The 1953 Act as amended[1] is found in Ind. Stat. Anno. §§ 53-801-810.

For our discussion we will use the acts rather than the unofficial compilation.

The section of the 1953 Act pertinent to the question involved is:

"The powers, functions and duties of the metropolitan plan commission shall include those commonly assigned to the city plan commission and the county plan commission by the existing laws of the State of Indiana except as expressly stated otherwise in this act.

"The commission may sue and be sued collectively by its legal name, styled thus, '———— Regional Plan Commission.' service of process being had on the president of the commission; but no costs shall be taxed against the commission or any of its members in any action." (Acts 1953, ch. 258, § 7, pp. 930-931.)

The section of the 1961 amendment pertinent to the question involved is:

"Acts 1953, c. 258, is amended by creating a new and additional section to be numbered section 8a which shall read as follows: Sec. 8a. Whenever a metropolitan plan commission has been created in accordance with the provisions of this act the separate planning and zoning functions of the city and county shall cease and thereafter such functions shall be exercised exclusively by the metropolitan plan commission.

1. In 1965, the 1953 Act was again amended (Acts 1965, ch. 97, pp. 142-143.)

"There shall be created within the metropolitan plan commission a board of zoning appeals which board shall consist of seven members to be appointed as follows: . . ." (Acts 1961, ch. 114, § 8, p. 220.)

There is no express repeal in the 1953 Act as amended. Appellant correctly states the rule that implied repeals of earlier acts by a later act are not favored and exist only where there is irreconcilable conflict between the two acts.

There is another rule of statutory construction dealing with conflicts between a general statute enacted at an earlier date and a later statute enacted for a particular locality. In Sutherland, *Statutory Construction*, 3rd ed. § 2022, p. 490, the rule is stated:

"Where, however, the later special or local statute is not irreconcilable with the general statute to the degree that both statutes cannot have a coterminous operation, the general statute will not be repealed, but the special or local statute will exist as an exception to its terms."

In support of this proposition of an exception the author cites the case, *Western and Southern Indemnity Co.* v. *Cramer* (1937), 104 Ind. App. 219, 10 N. E. 2d 440.

We are of the opinion the following factors indicate a sufficient conflict between the statute of local application (Acts 1953, ch. 258, as amended) and the general statute (Acts 1947, ch. 174, as amended) that the local act is to be considered an exception to the general act insofar as the capacity of the board of zoning appeals to maintain a suit for an injunction of a violation of a zoning ordinance:

1. The separate zoning and planning functions of the city and county shall cease and shall be exercised exclusively by the Metropolitan Planning Commission.
2. The Board of Zoning Appeals is within the Metropolitan Plan Commission.
3. The Metropolitan Planning Commission has the power to sue and be sued.

These factors indicate a legislative intent to place the power to sue and be sued in the Metropolitan Planning Commission exclusively because the power to sue for the injunction of a violation of a zoning ordinance was not enumerated as one of the powers of the Board of Zoning Appeals but was authorized in a separate section giving such power to the plan commission, the Board of Zoning Appeals or any designated enforcement official. This additional power was removed by merging the separate planning and zoning functions of the city and county into the metropolitan plan commission within which there is a Board of Zoning Appeals and stating that the metropolitan plan commission has the power to sue and be sued.

The next problem is whether this lack of capacity by the Board of Zoning Appeals was waived by the defendant-appellee in filing an answer to the complaint. The question of the capacity of a plaintiff to maintain a suit may be raised in two ways; a plea in abatement Ind. Stat. Anno. § 2-1034 (1946 Repl.), or a demurrer Ind. Stat. Anno. § 2-1007(2) (1946 Repl.). Appellee did not do either, but rather contends that the question is one of the legal existence of the appellant.

As a basis for this contention the appellee cites the case *Miller* v. *St. Joseph County Home* (1949), 119 Ind. App. 437, 87 N. E. 2d 886. This case, as we read it, refutes appellee's argument. The case deals with a suit by the St. Joseph County Home against a decedent's estate for reimbursement for the decedent's "keep." The court said:

"St. Joseph County Home is not a legal entity of any kind. It is merely the name of a place. It therefore lacks the right or power to maintain an action. (Citing cases.) And even if it were a legal entity, it could not maintain this action, for when a statute creates a cause of action and designates who may sue, none but those designated have the right to institute the suit. (Citing cases.)

\* \* \* \* \*

"The lack of legal capacity to sue may be waived under the statutes. A suit brought in the name of a single non-existent plaintiff is a mere nullity."

In this case, the Evansville-Vanderburgh Board of Zoning Appeals is a legal entity, Ind. Stat. Anno. § 53-808(a) (1964 Repl.), but it does not have the capacity to sue for the reason set out above.

The defendant-appellee waived the lack of capacity of the appellant by filing an answer in general denial. The judgment of the trial court is reversed. The trial court is instructed to hear evidence on the complaint of the Evansville-Vanderburgh Metropolitan Board of Zoning Appeals.

In light of the action we have taken in this cause, the appellant's motion to reverse and remand for the failure of the appellee to controvert an argument in the appellant's brief is denied.

Judgment reversed.

Cooper, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 226 N. E. 2d 710.

