STATE OF INDIANA ET AL. *v.* PAUL DOVERSBERGER.

[No. 372A119. Filed October 31, 1972. Rehearing denied December 4, 1972. Transfer denied May 14, 1973.]

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Deputy Attorney General, for appellants.

*Arvin R. Foland,* of Noblesville, *John E. Eisele,* of Anderson, for appellee.

SULLIVAN, J.—Plaintiff-appellee Doversberger was dismissed from a non-merit[1] position as field representative for the State Board of Animal Health without hearing. Notification of dismissal was by letter stating five specific reasons for the action.

Appellee's suit for damages arising from the dismissal was filed in the Hamilton Superior Court. After a motion to dismiss was filed by defendant objecting to the jurisdiction of that court, venue was transferred under Ind. Rule TR. 75 to the Marion Superior Court. That court, sitting en banc as the Court of Claims, overruled the defendant's motion to dismiss and its subsequent motion for summary judgment. Plaintiff's motion for summary judgment was sustained and judgment in the amount of $16,800.00 awarded to plaintiff.

The issues presented are two-fold:

1. Did the trial court err in sustaining a motion for summary judgment for plaintiff-appellee Doversberger on the grounds that plaintiff was improperly dismissed without a hearing?
2. Did the trial court err in ruling that the provision for a hearing as a condition precedent to the dismissal of employees of The Indiana Livestock Sanitary Board,

---

1. Merit employees are within the State Personnel Act and are thus entitled to notice and hearing if dismissed. IC 1971, 4-15-2-34 and 35, being Ind. Ann. Stat. § 60-1335 and 1336 (Burns 1972 Supp.)

a/k/a Indiana State Board of Animal Health had not been repealed by implication by subsequent acts of the Legislature?[2]

The chronology and legislative history of the statutory provisions with which we are concerned are deemed important to an understanding of the issues. The basic Act of 1943 creating the Livestock Sanitary Board was amended by Acts 1947, Ch. 371, § 2 of which reads in part as follows:

"The Chief Administrative Officer and all other deputies, assistants and employees after notification and hearing before the Board can be removed for cause or inefficiency by a majority vote of the Indiana State Livestock Sanitary Board."

Then in February, 1951, the General Assembly passed a separate, distinct and comprehensive Act known as the Domestic Animal and Poultry Disease Code. This 1951 Act being Ch. 80 did not purport to amend or repeal either the 1943 Act or Section 2 of the 1947 Act. To the contrary, the February 1951 Act contained the following interpretive aid:

"ARTICLE I. ADMINISTRATION OF DOMESTIC ANIMAL AND POULTRY DISEASE CONTROL.

Part I. The Indiana State Livestock Sanitary Board Division I. Organization.

SECTION 100. The board as created and provided for by Section 1 and Section 2 of Chapter 371 of the Acts of 1947 shall continue as the Indiana Livestock Sanitary Board and *nothing in the act shall be construed as repealing or superseding Section 1 and Section 2 of Chapter 371 of the Acts of 1947.*" (Emphasis supplied)

The 1951 Act then proceeded to restate virtually verbatim the pertinent provision of § 2 of the 1947 Act as follows:

2. Acts 1951, c.80, s. 100 as amended by Acts 1953, c. 234, s. 2; IC 1971, 15-2-3-6; Ind. Ann. Stat. § 16-1301 (Burns 1964); Acts 1951, c. 80, s. 105 as amended by Acts 1951, c. 275, s. 4; IC 1971, 15-2-3-11; Ind. Ann. Stat. § 16-1309 (Burns 1964); Acts 1959, c. 273, s. 6; IC 1971, 15-2-12-6; Ind. Ann. Stat. § 42-930 (Burns 1964).

"SEC. 105. The Chief Administrative Officer and all other deputies, assistants and employees after notification and hearing before the board can be removed for cause or inefficiency by a majority vote of the board."

Such duplication was however specifically anticipated by the legislature then in session in that Section 3 of the 1951 Act stated:

"SEC. 3. The provisions of this act insofar as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations, and not as new enactments."

The same session of the 1951 General Assembly approximately one week later, on March 7, in Acts 1951, Ch. 275, § 4, struck the "hearing" provision from the 1951 Act by amending the aforementioned Section 105 as follows:

"Section 105 of the above entitled act is amended to read as follows: Sec. 105. In addition to their salaries, the Indiana State Veterinarian, and all other deputies, assistants, and employees shall be entitled to receive their necessary transportation expenses while away from their official station and engaged in their official duties, but in no case shall such officer, assistant, deputy or employee, charge, receive or collect any fee or fees for any services rendered as such officer, assistant, deputy or employee. The said Indiana State Veterinarian and the other deputies and assistants shall not engage in the practice of veterinary medicine or surgery during their term of office or employment under said Board."

Then in 1953, by Chapter 234, Section 2 of the Acts of 1953, the General Assembly amended the February 1951 Act, as follows:

"SEC. 2. Section 100 of the first above entitled act is amended to read as follows: Sec. 100. The board as created and provided for by Section 1 and Section 2 of Chapter 371 of the Acts of 1947 shall continue as the Indiana Livestock Sanitary Board."

Finally the legislature in the Acts of 1959, Ch. 273 concerning regulation of dealers in livestock enacted a provision

with respect to certain powers, duties and functions of the Livestock Sanitary Board. That provision empowered the Board to dismiss employees whose duties and responsibilities concerned the regulation of livestock dealers and their agents:

"SEC. 6. Administrative Board—Powers, Duties and Functions. The Indiana State Livestock Sanitary Board shall have the power and authority to do the following: (a) To appoint a director and such other employees as may be required to carry out the functions, duties, and powers as herein defined; to dismiss such employees; * * *"

In substance, the State makes a dual attack upon the judgment below. First, it concedes that the 1947 provision for hearing has never been specifically repealed but argues that the duplication by the 1951 Act of the hearing procedure provided by the 1947 Act shows an intent by the legislature to supercede the 1947 provision. It is the State's position that the subsequent March 1951 amendment which deleted the hearing provision from the February 1951 enactment further discloses a repeal by implication of the right of a dismissed employee to a hearing. The State additionally contends that when the 1953 General Assembly removed from Section 100 of the basic 1951 Act the prohibition against any construction which would serve to repeal or supercede the 1947 provision, the legislature further expressly recognized that the 1951 Act had in fact repealed the 1947 provision for hearing.

The State argues alternatively that even if the 1951 enactments did not serve to strike the 1947 provision for hearing, the 1959 statute did so. In this respect, appellant quite obviously considers the 1947 provision impliedly repealed by Acts 1959, Ch. 273, § 6, hereinbefore set forth. The State supports its position only by the assertion that the Livestock Sanitary Board's duties and powers, as opposed to its mere form and membership, are defined exclusively in terms of the 1959 Act, i.e., that the 1959 Act superceded all other provisions respecting the activities and powers of the Board, including Section 2 of the 1947 Act,

As stated by *Sutherland, Statutory Construction* (3d ed.) § 1922:

> "Repeal by implication occurs when an act not purporting to repeal any prior act is wholly or partially inconsistent with a prior statute or covers the subject of a prior act or section and is a substitute act."

With the aforementioned applicable test in mind, we turn to a consideration of appellant's contentions.

## FEBRUARY 1951 ACT DID NOT IMPLIEDLY REPEAL 1947 PROVISION FOR HEARING

At the outset it should be noted that as a general rule re-enactment of a statutory provision in identical terms by subsequent statute without language expressly repealing the earlier provision does not serve to repeal or supercede the prior provision. *Cordell* v. *State* (1864), 22 Ind. 1. When enacted in February 1951, Chapter 80 of that Act quite clearly acknowledged the continuing viability of the hearing provision of the 1947 Act, for as hereinbefore noted, Section 100 of the 1951 Act directed that Section 2 of the 1947 Act be not construed as having been repealed or superceded. Thus if the 1947 provision has been impliedly repealed by passage of a "substitute" act, such must have occurred subsequent to the February 1951 Act. With respect then to the implied repeal aspects of that basic 1951 Act, appellant must look for comfort to that facet of the test which requires that the prior act or section is not impliedly repealed unless inconsistent with the later enactment. Quite clearly, such is not the situation in the case before us. Not only are the provisions of Section 105 of the 1951 Act, as enacted, not inconsistent with the hearing provision of § 2 of the 1947 Act, the provisions are virtually identical. When dealing with inconsistent and irreconcilable statutory provisions, as opposed to repeal by a "substitute" act, we see no difference between amendatory acts and separate independent acts covering the same general subject matter. We thus hold

that the unchanged portions of Section 2 of the 1947 Act, i.e., the hearing provision, continued in full force and effect independent of the duplicitous language in the 1951 statute. *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705. We cannot assume contrary to the precise recitation in Section 100 of the original 1951 Act that the legislature intended Section 2 of the 1947 Act to fall. *Schnee* v. *State* (1970), 254 Ind. 661, 262 N. E. 2d 186 at 188. We therefore further hold that since the 1951 Act with regard to hearings for dismissed employees was not in irreconcilable conflict with the 1947 provision, the latter was not impliedly repealed. *Evansville-Vanderburgh Metropolitan Bd. of Zoning Appeals* v. *Meadow Ridge, Inc.* (1967), 141 Ind. App. 135, 226 N. E. 2d 710.

The amendatory act of March 1951 which struck the hearing provision from § 105 of the basic 1951 Act is of no aid to appellant either for as heretofore noted, the hearing provision of the 1947 Act existed separate and independent of the 1951 enactment. In our view, it is more likely that the March action of the 1951 General Assembly was prompted by acknowledgment that § 105 was a needless duplication of the law contained in the 1947 law than by an intent to deprive employees of the Livestock Board of a dismissal hearing. See Acts 1951, Ch. 80, § 3, *supra.*

## 1953 AMENDATORY ACT DID NOT GIVE RETRO-ACTIVE REPEAL EFFECT TO CHAPTER 80 OF 1951 ACT WITH RESPECT TO HEARING BEFORE DISMISSAL

As hereinbefore noted, § 100 of the 1951 Act not only contained an aid to the interpretation of the act in that it directed that it not be construed as repealing or superceding Section 2 of the 1947 Act, it actually incorporated by reference Sections 1 and 2 of the 1947 Act with respect to the powers and duties of the Livestock Sanitary Board. The 1953 amendment, while striking the interpretive aid specifically retained that portion of the original Sec. 100 which incorporated Section 2

of the 1947 Act. In this connection, a further reference to Sutherland's invaluable treatise is appropriate:

> "Where a reference statute incorporates the terms of one statute into the provisions of another [statute], 'the two statutes co-exist as separate distinct legislative enactments, each having its appointed sphere of action.' As neither statute depends upon the other's enactment for its existence, the repeal of the provision in one enactment does not affect the identical provision in the other statute." See also *Van Pelt* v. *Hilliard* (1918), 75 Fla. 792, 78 So. 693.

In any event, the 1953 Act cannot by inference or implication give retroactive repealing effect to the February 1951 Act.

At best then, the 1953 Act by striking the retentive language of the February 1951 Act, merely opened the door for subsequent repeal, a needless gesture since any legislation may be repealed by subsequent statutory enactment.

We then turn to the only Act subsequent to the 1953 legislation which concerns the issue before us, i.e., the 1959 Act.

### *1959 STATUTE DID NOT REPEAL HEARING PROVISION OF 1947 ACT*

In *Payne* v. *Buchanan* (1958), 238 Ind. 231, 238, 148 N. E. 2d 537, the general rule of construction is quoted as follows:

> " '. . . (1) Repeals by implication are not favored; and (2) Where there are two acts on the same subject, effect should be given to both if possible; and (3) But, if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even when two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. This is the rule adopted in the case of *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N. E. 83, . . .' *DeHaven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 198, 7 N. E. 2d 184."

It is plainly to the State's advantage with respect to the 1959 Act here to argue that the so-called "substitute act" aspect of the implied repeal test is not in any degree dependent upon the "irreconcilable conflict" facet of the test. Such interpretation of the test phrased by § 1922 of *Sutherland's* treatise, *supra*, or as postulated in *Payne* v. *Buchanan, supra*, is belied however by *State ex rel. Metropolitan Thoroughfare Authority* v. *Nutting* (1964), 246 Ind. 105 at 112, 203 N. E. 2d 192, a somewhat baffling decision in terms of its holding vis a vis the substantive content of the statutes therein construed. The *Nutting* case specifically held that a subsequent statute embracing the same subject matter as a prior enactment serves as a repealer of the prior act only to the extent of irreconcilable conflict between such statutes.

Also inherent in appellant's argument is the contention that as a specific statute, the 1959 Act serves as a repealer of the general 1947 Act, at least insofar as the 1947 Act provided for hearing. To be sure, the 1959 Act is more restrictive in its substantive content than the broadly sweeping 1947 act, and to that extent may be considered as a specific statute rather than general.[1] With respect to appellant's contention, how-

---

1. The title of the 1947 Act reads:

"AN ACT to amend Sections 1 and 2 of an act entitled "An Act to amend sections 1 and 4 of an Act entitled 'An act concerning the prevention and control of infectious and contagious diseases of domestic animals; creating the Indiana State Livestock Sanitary Board, and the Veterinary Examining Board; providing for the appointment of an Indiana State Veterinarian; prescribing their powers and duties; repealing all laws in conflict therewith, and making appropriations therefor,' approved March 2, 1943," approved March 9, 1945, and to amend sections 5, 6 and 8 of "An Act concerning the prevention and control of infectious and contagious diseases of domestic animals; creating the Indiana State Livestock Sanitary Board, and the Veterinary Examining Board; providing for the appointment of an Indiana State Veterinarian; prescribing their powers and duties; repealing all laws in conflict therewith, and making an appropriation therefor," approved March 2, 1943; providing for appeals repealing laws in conflict, and declaring an emergency."

whereas the title of the 1959 Act is:

"AN ACT concerning dealers in livestock and their agents, designating the Indiana State Livestock Sanitary Board as the state agency under which such act shall be administered, providing for the licensing and bonding of such dealers and the classifications under which such

ever, the fact remains that the specific repeals the general only to the extent of irreconcilable conflict. See *O'Donnell* v. *Krneta* (1958), 238 Ind. 582, 154 N. E. 2d 45; *Payne* v. *Buchanan, supra; Evansville-Vanderburgh Metropolitan Bd. of Zoning Appeals* v. *Meadow Ridge, Inc. supra.*

Appellant's reliance upon the 1959 Act as an implied repealer is therefore dependent upon irreconcilable conflict with the 1947 Act. Clearly no inconsistency exists. The 1959 statute may be construed in total harmony with Section 2 of the 1947 Act by an interpretation which we hereby enunciate. The Livestock Sanitary Board, now the Board of Animal Health, may dismiss employees including those whose duties concern enforcement of the law as to livestock dealers (1959 Act) after notice and hearing (1947 Act).

As stated in *Sutherland, Statutory Construction,* § 5201:

> "Provisions in an act which are omitted in another act relating to the same subject matter will be applied in a proceeding under the other act when not inconsistent with its purposes."[2]

By way of summary conclusion, appellant's appeal must be rejected because the State has failed to establish that the 1947

---

dealers shall be licensed, the license fees to be paid, the inspection of scales utilized by such dealers, the transfer of all functions pertaining to the inspection of testing of scales to the Indiana State Board of Health, prescribing remedies and penalties for the law's violation, repealing all prior law in conflict herewith and declaring an emergency."

2. That a hearing for employees subject to dismissal is not inconsistent with the purposes of the 1959 Act may be divined by a reading of the "purposes" section of the 1959 Act as follows:

"SECTION 1. Purpose of Act. This act shall be deemed an exercise of the police powers of the State of Indiana acting through its General Assembly for the protection of the agricultural public and all other persons who might be damaged through the purchase, sale or exchange of livestock by means of fraud, deception, dishonesty or discrimination arising out of the direct marketing of such livestock. This act is further intended to facilitate the control and prevention of diseases in domestic animals by requiring compliance with the laws of this state and of the United States enacted for that purpose together with such regulations as may have been or may be made pursuant thereto. It is, therefore, declared to be the public policy of this state that all dealers as defined in this act shall be subject to it in its entirety and that all the provisions of the act shall be liberally construed for the accomplishment of this purpose."

law is in irreconcilable conflict with the 1951, 1953 or 1959 statutes.[3]

Judgment affirmed.

Buchanan, P.J., and White, J., concur.

NOTE.—Reported in 288 N. E. 2d 585.

3. It may be additionally pointed out that the authority of the Board to "dismiss employees" if drawn from the 1959 Act without regard to the 1947 provision may be suspect, at least with respect to employees unrelated to administration of the 1959 Act. The title of the latter Act is limited to matters relating to livestock dealers and their agents, the licensing thereof and inspection of scales used by such dealers.

While Mr. Doversberger's duties related to livestock traders and are therefore within the purview of the 1959 Act, the fact remains that other employees of the Board have duties totally unrelated to the 1959 Act and would thus not be dismissable under authority of that Act. Such employees would be entitled to the hearing provided as a general matter in the 1947 Act. The situation thus suggests an "unequal protection" aspect to the 1959 dismissal authority as argued by the State here. While we do not decide the case on such basis, it is of note as a factor tending to discredit the position advanced by appellant.