**GARAGE DOORS OF INDIANAPOLIS, INC., Appellant–Plaintiff,**

v.

**Jerry MORTON and David E. Goff, Appellees–Defendants.**

No. 49A02–9603–CV–172.

Court of Appeals of Indiana.

June 30, 1997.

---

6. IND.CODE § 31–6–2–3.

Eugene G. Ziobron, Indianapolis, for appellant-plaintiff.

Steven J. Rubick, Richard L. Poynter & Associates, Indianapolis, for appellees-defendants.

## OPINION

BAKER, Judge.

Appellant-plaintiff Garage Doors of Indianapolis, Inc. (Garage Doors) appeals the trial court's dismissal of its complaint to foreclose a mechanic's lien against appellee-defendant David Goff and its award of attorney fees to Goff. Garage Doors raises numerous issues for our review, which we combine and restate as: 1) whether the master commissioner was properly qualified and had the authority to enter a final appealable order; 2) whether the court erroneously dismissed its complaint for foreclosure and unjust enrichment; and 3) whether the court erroneously awarded attorney fees. In response, Goff requests this court to impose sanctions against Garage Doors and award appellate attorney fees.

### FACTS[1]

On July 14, 1992, Garage Doors supplied Jerry Morton with materials to install an

---

1. We remind counsel for Garage Doors that Ind.Appellate Rule 7.2(A) provides that the rec-ord of the proceedings shall consist of, without limitation, "all process, pleadings, motions, and

automatic garage door opener at the home of Charles E. Goff and Ovah S. Williams at 3116 Centre Parkway, Indianapolis, Indiana. When it did not receive payment for the materials, Garage Doors filed a notice of its intention to hold a mechanic's lien against the property on September 10, 1992. Then, on September 3, 1993, Garage Doors filed a complaint against Charles and Ovah to foreclose on the mechanic's lien.

Thereafter, the attorney for Ovah's Estate notified Garage Doors that Charles and Ovah were deceased. As a result, Garage Doors filed an amended complaint which substituted David Goff, the successor in interest to the Centre Parkway property, as the defendant.[2] In its complaint, Garage Doors sought foreclosure of the lien and damages due to unjust enrichment.

On September 20, 1994, Goff filed a motion to dismiss Garage Doors' amended complaint, which the trial court granted on February 6, 1995. As a result, on March 20, 1995, Garage Doors filed a second amended complaint against Goff which alleged the same facts and grounds as its previous complaint. Goff then filed a motion to dismiss the second amended complaint and a request for attorney fees. Thereafter, a hearing was held before a master commissioner on August 25, 1995, after which the court granted the motion to dismiss. The court then ordered a subsequent hearing regarding Goff's request for attorney fees. Prior to this hearing, however, Garage Doors filed motions for Judge Gerald S. Zore to act as presiding judge over the proceedings and to set aside the master commissioner's entry. Judge Zore denied the motions.

Thereafter, on September 18, 1995, Garage Doors filed its third amended complaint against Goff, which again alleged the same grounds as the previous two complaints, and a motion for change of judge.[3] The trial court denied the motion for change of judge. Then, at the hearing on Goff's request for attorney fees, Garage Doors moved for disqualification of the master commissioner. In response, the master commissioner announced that she would rule on the motion for disqualification before October 13, 1995. She then requested the parties to submit proposed findings of fact and conclusions of law on the issue of Goff's attorney fees. Without ruling on the motion for disqualification, the master commissioner submitted recommended findings of fact and conclusions of law to the trial court, in which she determined that Garage Doors' second amended complaint against Goff was precluded by res judicata because of the order dismissing his first amended complaint on February 6, 1995. Additionally, the master commissioner found that Garage Doors' claim was frivolous, unreasonable and groundless and, as a result, Goff was entitled to $4,756.93 in attorney fees. The master commissioner's recommended findings were subsequently approved by Judge Zore. On November 27, 1995, Garage Doors filed a motion to correct errors, which was denied. Garage Doors now appeals.

other written documents." Further, all portions of the record which are relevant to the issues asserted on appeal are to be transmitted to this court. App.R. 7.2(B). It is the responsibility of the appellant to present a record which reveals the error complained of. *Raymundo v. Hammond Clinic Ass'n*, 449 N.E.2d 276, 277 (Ind. 1983). Here, our review of Garage Doors' claimed errors was severely hampered by its failure to include many of the pleadings, including three of the four complaints filed in this case, and many of the trial court's rulings in the record.

Additionally, we note that Garage Doors failed to abide by the page limits for appellate briefs contained in Ind.Appellate Rule 8.2(A)(4). Although flagrant violations of the appellate rules can result in waiver of an appeal, we may exercise our discretion to reach the merits when violations are comparatively minor. *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 99 (Ind.Ct.App.1995), *trans. denied*. We exercise such discretion here.

2. Garage Doors' original and amended complaints also included Jerry Morton as a defendant. When Morton failed to answer the amended complaint, Garage Doors obtained a default judgment against him for $923.20 on December 10, 1993. Although he is listed on the caption, Morton is not a party to this appeal.

3. It was revealed during oral argument held on May 29, 1997, in Indianapolis that Garage Doors' third amended complaint is still pending in the Marion Superior Court.

## DISCUSSION AND DECISION [4]

### I. Master Commissioner

Initially, Garage Doors raises several challenges to the appointment and authority of the master commissioner. Specifically, Garage Doors contends as follows: 1) the master commissioner was not properly appointed; 2) she did not have the authority to enter a final appealable order; and 3) she erroneously failed to rule on the motion to disqualify herself. In a related argument, Garage Doors also contends that Judge Zore erroneously refused to preside over the case.

■ First, Garage Doors contends that the master commissioner was not properly appointed. In particular, Garage Doors argues that the trial court failed to appoint the master commissioner pursuant to the mandates of T.R. 53(A). As a result, Garage Doors argues that all rulings by the master commissioner are void as a matter of law.

We note, however, that Garage Doors failed to properly preserve this issue for appeal. As our supreme court stated in *Floyd v. State*, 650 N.E.2d 28, 32 (Ind.1994), when faced with a challenge to the authority of a court officer, the reviewing court must first ascertain whether the challenge was properly made in the trial court so as to preserve the issue for appeal. The *Floyd* court specifically noted:

[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court. Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal. We conclude that it is improper for a reviewing court to dismiss an appeal on these grounds where no

showing has been made that the issue was properly preserved. Instead, the reviewing court should deny relief on grounds of waiver.

*Id.*

Here, we find no indication in the record that Garage Doors objected to the authority of the master commissioner to preside over the dismissal hearings. Although Garage Doors contends that it objected during a hearing held off the record, such an objection is insufficient to preserve error for review. *See State ex rel. Metropolitan Thoroughfare Authority of Marion County v. Nutting*, 246 Ind. 105, 107, 203 N.E.2d 192, 194 (1964) (where record is silent as to existence of objection to petition to intervene, appellant waived any question as to correctness of trial court ruling). Further, as previously noted, it is the responsibility of the party claiming error to present a complete record for review. Thus, because Garage Doors failed to preserve its alleged objection to the appointment of the master commissioner, it has waived any error on appeal.

■ Next, Garage Doors argues that the master commissioner did not have the authority to enter an order dismissing its claim and awarding attorney fees. Although we agree with Garage Doors' contention that a master commissioner cannot enter a final appealable order, IND. CODE § 33-4-7-7; *Dearman v. State*, 632 N.E.2d 1156 (Ind.Ct. App.1994), *trans. denied*, the record in the instant case does not reveal that the master commissioner in fact entered a final appealable order. Instead, the record shows that the master commissioner submitted recommended findings and conclusions to the trial judge, who adopted and signed them. R. at 87. This procedure has been repeatedly approved by Indiana's appellate courts. *See*

---

4. As noted previously, oral argument in this cause was held on May 29, 1997. Although Garage Doors filed a motion for continuance of the oral argument on May 20, 1997, the motion alleged no reasons for a continuance beyond a contention that "Appellant's counsel has a conflict at such time and will not be available for such argument or hearing." As a result, we denied Garage Doors' motion and held oral argument as previously scheduled. Garage Doors, however, failed to appear.

Although we are aware that due to the holiday weekend, notice of our denial of the motion for continuance may not have been received well in advance of the hearing, it is the affirmative duty of appellate counsel to contact this court to determine whether a continuance has been granted. In the absence of notice that a continuance has been granted, counsel is obligated to be present for oral argument. We admonish counsel for presuming that his request for continuance would be granted, particularly when the request was unsupported by specific grounds.

*Mid–West Federal Savings Bank v. Epperson*, 579 N.E.2d 124, 126–27 (Ind.Ct.App. 1991) (trial court's adoption of magistrate's findings and recommendations was proper exercise of judicial power). We find no error.

■ Garage Doors also claims that the master commissioner erred in failing to rule on its motion that she disqualify herself. As a result, Garage Doors contends that the master commissioner violated her judicial oath and failed to discharge her duties as an attorney at law. Appellant's Brief at 30–31.

Beyond this blanket assertion, however, Garage Doors does not suggest, and the record does not reveal, the grounds on which it moved for the master commissioner's disqualification or how it was prejudiced by the master commissioner's failure to rule. As a result, we are unable to determine whether the master commissioner erred in not disqualifying herself. Further, a trial court's failure to rule on a procedural issue, such as a request for disqualification, is not reversible error where the court has disposed of all substantive matters. *See Comer v. Gohil*, 664 N.E.2d 389, 393 (Ind.Ct.App.1996) (trial court's failure to rule on various motions, including motion to strike, motion to dismiss, amended motion to dismiss and motion to consolidate, was not reversible error where court had ruled on all substantive issues), *trans. denied.* Therefore, the master commissioner's failure to rule does not entitle Garage Doors to relief.[5]

■ In its final challenge to the procedure utilized by the trial court, Garage Doors contends that Judge Zore erroneously refused its request to preside over the proceedings. Specifically, Garage Doors argues, without citation to authority, that a "trial court judge cannot refuse to preside over an assigned case upon request by counsel." Appellant's Brief at 49. Although Garage Doors cites numerous Judicial Canons and the Indiana and United States Constitutions for this provision, none of these materials support its contention. As we have repeatedly stated, it is within the trial judge's discretion to refer matters to commissioners or magistrates provided the judge still performs the necessary judicial act of entering the final rulings. *Mid–West Federal Savings Bank*, 579 N.E.2d at 127. We find no abuse of discretion.

## II. Motion to Dismiss

Next, Garage Doors challenges the trial court's dismissal of its second amended complaint to foreclose its mechanic's lien and for unjust enrichment. Specifically, Garage Doors challenges the trial court's finding that it could not maintain its mechanic's lien because it could not prove that it provided Charles Goff and Ovah S. Williams with notice of the lien. Further, Garage Doors contends that the trial court erroneously determined that it was required to file its claim for foreclosure in the probate court.

Although not denominated as such, Goff's motion to dismiss essentially asserts that Garage Doors' complaint fails to state a claim upon which relief can be granted pursuant to Ind.Trial Rule 12(B)(6). As a result, on review, we regard all facts in Garage Doors' complaint as true. *Bowman v. Bowman*, 567 N.E.2d 828, 830 (Ind.Ct.App.1991). We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts which, even if true, would not support the relief requested in that complaint. *Id.* Further, we will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Havert v. Caldwell*, 452 N.E.2d 154, 157 (Ind.1983).

---

5. Similarly, Garage Doors contends that the master commissioner violated the Code of Judicial Conduct by holding an ex parte conference with Goff's attorney and not informing it of the conversation. According to Garage Doors, because Goff filed his answer and counterclaim immediately after the communication, "it is fair to assume that he gained an advantage therein in violation of Ind.Judicial Conduct Canon 3(B)(8)(a)." Appellant's Brief at 32. We decline Garage Doors' invitation to make this assumption. Although Jud.Canon 3(B)(8) provides that judges should refrain from permitting or considering ex parte communications, we assume that judges will disqualify themselves if there is any reasonable question concerning their impartiality. *Lawson v. State*, 664 N.E.2d 773, 781 (Ind. Ct.App.1996), *trans. denied.* In the absence of evidence or testimony demonstrating that the trial judge's impartiality was compromised as a result of the communication, we refuse to find error.

### A. Foreclosure of Mechanic's Lien

Indiana's Mechanic's Lien statute creates a lien where none exists at law or in equity. *Mid America Homes, Inc. v. Horn,* 272 Ind. 171, 172, 396 N.E.2d 879, 881 (1979). As a creature of statute, a mechanic's lien exists only by virtue of the claimant's compliance with the statutes creating them. *Id.* We construe such statutes with a view towards carrying out their purpose: to afford the security intended upon substantial compliance with their provisions, while at the same time protecting the rights of non-debtor owners and those who may subsequently acquire an interest in the real estate. *Id.* Being in derogation of the common law, the provision of such statutes relating to the creation, existence or persons entitled to the lien have historically been strictly construed. *Id.*

The portion of the Mechanic's Lien statute with which this appeal is concerned provides as follows:

> Any person, firm, partnership, limited liability company, or corporation who sells or furnishes on credit any material, labor or machinery for the alteration or repair of any owner-occupied single or double family dwelling or the appurtenances or additions thereto, to any contractor, subcontractor, mechanic or anyone other than the occupying owner or his legal representative shall furnish to the occupying owner of said parcel of land where the material, labor or machinery is delivered, a written notice of the delivery or work and of the existence of lien rights, within thirty (30) days from the date of first delivery or labor performed: The furnishing of such notice shall be a condition precedent to the right of acquiring a lien upon such lot or parcel of land or the improvement thereon.

I.C. § 32–8–3–1. Thus, when a materialman agrees to supply materials and services to a contractor rather than the owners of such real estate, the materialman must furnish written notice to the owners of his intention to hold a lien as a condition precedent to holding the lien. *Bayes v. Isenberg,* 429 N.E.2d 654, 656 (Ind.Ct.App.1981).

Here, Garage Doors' complaint reveals that it agreed to supply Morton with materials for the construction of an automatic garage door opener for the Centre Parkway property. The complaint does not allege, nor do the invoices attached to the complaint show, that Garage Doors entered into an agreement with Charles and Ovah, the owners of the property, to provide the materials. As a result, Garage Doors was required to provide Charles and Ovah with written notice of its intent to hold a lien. However, nothing in Garage Doors' complaint indicates that it gave such notice.[6]

Moreover, we note that Garage Doors' complaint provides that it filed its notice of intent to hold a mechanic's lien with the Marion County Recorder on September 10, 1992, approximately sixty days after the date it last supplied labor and materials to the Centre Parkway property. Under the mechanic's lien statute, however, the sixty-day time limit only applies to original construction. A thirty-day time limit applies to all other types of construction, including alterations and modifications. I.C. § 32–8–3–1. In the present case, nothing in Garage Doors' complaint indicates that it supplied materials for original construction. As a result, the time limitation for filing a notice to hold a mechanic's lien was thirty days and Garage Doors' lien was not timely. The trial court, therefore, correctly granted Goff's motion to dismiss Garage Doors' complaint for foreclosure.

---

6. In its findings, the trial court also determined that Garage Doors' complaint failed because, under the Dead man's statute, it could not prove that it gave Charles and Ovah notice of its mechanic's lien. The Dead man's statute concerns the competence of witnesses to testify. *Taylor v. Taylor,* 643 N.E.2d 893, 896 (Ind.1994). Specifically, the statute is designed to ensure that when one party to a transaction has had his or her lips sealed by death, the other party's lips are sealed by law. IND.CODE § 34–1–14–6. Thus, the trial court's finding regarding the Dead man's statute would only be applicable should Garage Doors attempt to prove via testimony that it notified Charles and Ovah of its intent to hold a lien. Because Garage Doors' complaint is no longer against Charles and Ovah, the trial court's finding regarding the Dead man's statute is irrelevant.

## B. Unjust Enrichment

 Garage Doors also challenges the trial court's dismissal of its complaint for unjust enrichment. To prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust. *Wright v. Pennamped*, 657 N.E.2d 1223, 1229 (Ind.Ct.App. 1995). Recovery under this theory only requires the plaintiff to establish that the defendant impliedly or expressly requested the benefits be conferred. *Id.* at 1330. However, a party who has not expressly or impliedly requested the benefit is under no obligation to pay for the benefit. *Olsson v. Moore*, 590 N.E.2d 160, 163 (Ind.Ct.App. 1992).

 Here, nothing in Garage Doors' complaint suggests that Goff expressly or impliedly requested it to provide materials for an automatic garage door opener for the Centre Parkway property. In fact, the complaint states that Goff's only connection to the property was as Charles and Ovah's successor in interest. Absent some indication or allegation that Goff expressly or impliedly requested the benefit from Garage Doors, the claim for unjust enrichment fails.

## III. Attorney Fees

Finally, we address the issue of attorney fees. Specifically, Garage Doors appeals the trial court's determination that Goff was entitled to attorney fees due to its continued litigation of its claim after the claim became frivolous, groundless or unreasonable. In response, Goff requests this court to impose sanctions and to award him appellate attorney fees.

## A. Trial Court Attorney's Fees

 First, we address the trial court's award of attorney fees to Goff. As a general rule, litigants must pay their own attorney's fees in the absence of statute or rule. *United Farm Bureau Mut. Ins. Co. v. Ira*, 577 N.E.2d 588, 597 (Ind.Ct.App.1991), *trans. denied*. However, IND. CODE § 34–1–32–1 provides that the trial court may award attorney fees in cases of frivolous, unreasonable or groundless claims or defenses. In pertinent part, I.C. § 34–1–32–1 provides:

> In any civil action, the court may award attorney's fees as part of the cost of the prevailing party, if it finds that either party:
>
> (1) Brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless;
>
> (2) Continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable or groundless; or
>
> (3) Litigated the action in bad faith.

This court has established guidelines for determining when a claim is frivolous, unreasonable or groundless for purposes of this statute. Specifically, we have held that a claim or defense is frivolous, unreasonable or groundless if

> ... it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Elbert v. Elbert*, 579 N.E.2d 102, 114 (Ind.Ct. App.1991). In making this determination, the court looks to the totality of the circumstances, including the law and facts ascertainable at the time of filing. *General Collections, Inc. v. Decker*, 545 N.E.2d 18, 20 (Ind. Ct.App.1989). If the court finds that no reasonable attorney would consider the claim worthy of litigation, the claim is frivolous, unreasonable or groundless. *Id.*

The record in the instant case reveals that the trial court awarded attorney fees to Goff on the basis of Garage Doors' second amended complaint. Specifically, the trial court determined that the second amended complaint was frivolous, unreasonable and groundless because it contained the same allegations as Garage Doors' amended complaint, which had already been dismissed pursuant to T.R. 12(B)(6).

 Ind.Trial Rule 12(B)(8) governs a party's right to file an amended complaint

after a previous complaint has been dismissed pursuant to T.R. 12(B)(6). This rule provides in pertinent part:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

T.R. 12(B)(8). Here, Garage Doors' amended complaint was dismissed on February 6, 1995. Garage Doors did not file its second amended complaint until March 17, 1995, more than ten days after the motion to dismiss was granted.[7] The record does not reveal that Garage Doors sought or received permission from the trial court to file this complaint. Additionally, the second amended complaint contained no allegations which differed from those contained in the amended complaint, which had already been rejected by the trial court.[8] Finally, as previously noted, Garage Doors' complaint failed to indicate that it gave notice to Charles and Ovah as required by the Mechanic's Lien statute. Under these circumstances, we cannot say the trial court erred in determining that Garage Doors' second amended complaint was frivolous, unreasonable and groundless. Thus, the trial court did not abuse its discretion in awarding Goff attorney fees pursuant to I.C. § 34–1–32–1.[9]

*B. Appellate Attorney Fees and Sanctions*

Finally, Goff requests this court to impose sanctions against Garage Doors for its continued litigation of meritless claims and to award him appellate attorney fees. Specifically, Goff contends that sanctions and attorney fees are appropriate due to Garage Doors' "numerous inappropriate and scandalous allegations" against the master commissioner and Judge Zore and because it has pursued its appeal in bad faith.

Pursuant to Ind.Appellate Rule 15(G), this court has the discretion to award damages, in addition to those awarded by the trial court, under certain circumstances. Specifically, App.R. 15(G) provides:

> If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

A discretionary award of damages may be proper when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *John Malone Enterprises, Inc. v. Schaeffer*, 674 N.E.2d 599, 606 (Ind.Ct.App.1996). However, because of the potential chilling effect upon the exercise of the right to appeal, an appellate tribunal must use extreme restraint when exercising its discretionary power to award damages on appeal. *Id.* Accordingly, punitive sanctions may not be

---

7. Under normal circumstances, Garage Doors would have been required to file its first amended complaint within ten days of the trial court's dismissal of the original complaint and, then, automatically seek judicial permission prior to filing its second amended complaint. However, Garage Doors' original complaint was not dismissed pursuant to a T.R. 12(B)(6) motion. Thus, T.R. 12(B)(8)'s ten day limitation was applicable only to Garage Doors' second amended complaint.

8. We note that Garage Doors failed to include its first amended complaint in the record for our review. However, in its written findings, the trial court found that the facts and allegations in the second amended complaint were identical to those in the first amended complaint. R. at 79. Because Garage Doors does not challenge this finding, we accept it as true.

9. Garage Doors also challenges the trial court's award of attorney fees on the grounds that Goff's attorney, in calculating the amount of attorney fees incurred during the proceedings, erroneously listed his client as "the Estate of Ovah S. Williams." According to Garage Doors, the award of attorney fees cannot stand because Ovah's Estate has never been a party to the proceedings. However, the record reveals that in a subsequent statement, Goff's attorney corrected his affidavit to provide that his client was David E. Goff. R. at 69. Further, the affidavit reveals that Goff's attorney had represented Ovah, her Estate and Goff in response to Garage Doors' myriad of complaints. Thus, the record supports the trial court's award of attorney fees to Goff's counsel.

imposed to punish lack of merit unless the appellant's contentions and argument are utterly devoid of all plausibility. *Id.* In addition, this court has the authority to award attorney fees pursuant to I.C. § 34–1–32–1 when a party continues to litigate a claim after it becomes frivolous, unreasonable or groundless.

In the instant case, as Goff contends, Garage Doors' appellate brief is permeated with scandalous accusations against both the master commissioner and Judge Zore. Specifically, Garage Doors accuses the master commissioner of official misconduct, violating her oath as an attorney, violating her judicial oath, and violating the Code of Judicial Conduct. Appellant's Brief at 24–25, 31, 32–33. Similarly, Garage Doors contends that Judge Zore abdicated his judicial responsibility to hear and decide matters assigned to him. Appellant's Brief at 49–53. We do not take such accusations lightly. As we have repeatedly stated, the appellate process is not an appropriate forum for these types of blanket accusations, and the accusations are not under any circumstances to be used, as Garage Doors has, in place of arguments on the merits.

Additionally, although it is not contained in the record, Garage Doors admits in its appellate brief that it is currently proceeding in the trial court with a third amended complaint which contains the same allegations as were rejected in both its first and second amended complaints. We find that there could be no purpose to Garage Doors' continued litigation of the same issues except vexatiousness or harassment. Accordingly, we grant Goff's request for sanctions of ten percent of the trial court's award, which will accrue interest at the normal statutory rate. Further, we remand this cause to the trial court with instructions for it to calculate an appropriate amount of appellate attorney fees.[10]

Judgment affirmed. Cause remanded to trial court for further proceedings consistent with this opinion, including the calculation of an award for sanctions, interest and any further calculation of appellate attorney fees.

NAJAM and GARRARD, JJ., concur.

---

**10.** Our award of sanctions and appellate attorney fees is not meant to encompass any sanctions or attorney fees which the trial court might award due to Garage Doors' maintenance of its third amended complaint.