## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Delmas Sexton, II
New Castle Correctional Facility
New Castle, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Delmas Sexton, II,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Keith A. Barand, Brian T. Taylor, and Ryan A. Masoner,<br><br>*Appellee-Defendants* | February 18, 2016<br><br>Court of Appeals Case No. 38A04-1504-CT-145<br><br>Appeal from the Jay Superior Court<br><br>The Honorable Terry C. Shewmaker, Special Judge<br><br>Trial Court Cause No. 38D01-1007-CT-6 |

**Crone, Judge.**

# Case Summary

Delmas Sexton, II, was convicted of felony murder in 2011 and is now serving a sixty-five-year sentence for that crime. He has been jailed since at least 2009 and, during that time, he has filed numerous unrelated civil causes of action against various defendants, and several appeals of the lower court decisions in those cases. The current appeal involves a defamation claim filed by Sexton in July 2010. Specifically, he is now appealing the trial court's order denying his repetitive motion for change of judge, as well as his motion for relief from judgment, motion for evidentiary hearing, and numerous other motions. Concluding that he has waived our review of his claimed errors, we affirm the judgment of the trial court.

# Discussion and Decision

We begin by noting that Sexton proceeds in this appeal pro se. A pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). One risk a litigant takes when he proceeds pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*. Because the same standards apply to pro se appellants as to others, any alleged errors are waived if applicable rules are not complied with. *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

[3]     Although failure to comply with the appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where, as here, such noncompliance impedes our review. *See In re Moeder*, 27 N.E.3d 1089, 1097 (Ind. Ct. App. 2015), *trans. denied*. First, Indiana Appellate Rule 43(C) states that an appellate brief "shall be produced in a neat and legible manner using black print" and "may be copied by any copying process that produces a distinct black image on white paper." The handwritten text in Sexton's thirty-page appellate brief is virtually illegible, and the copying process he used produced indistinct images. Consequently, there are countless words and sentences that we are unable to decipher or understand.

[4]     Additionally, Indiana Appellate Rule 46(A)(8) requires that contentions in an appellant's briefs be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal. Sexton's brief is replete with bald statements and assertions unsupported by cogent argument or citation to relevant authority. Sexton repeatedly directs us to items that were not properly submitted to this Court and therefore are not part of the record on

appeal.[1]  Moreover, his mere citation to authority in support of an argument is insufficient because it is not also supported by cogent reasoning.  Sexton's reasoning, as far as we can discern from his illegible brief, is illogical.  Failure to provide cogent argument has resulted in waiver of Sexton's claims on appeal. *See, e.g., Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009).  The judgment of the trial court is affirmed in all respects.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[1] From what we are able to decipher, the crux of Sexton's primary claim is that he is entitled to a change of judge because he has proof that the trial judge is biased against him, but the trial judge used "his power as a judge to strike legitimate and admissible evidence" of that bias. Appellant's Br. at 14. This so-called legitimate and admissible evidence consists of copies of various affidavits containing what the trial court described as "scandalous and indecent allegations" against the trial judge and other court officers. Appellant's App. at 11. The trial court twice instructed Sexton that if he wanted the court to consider any affidavits, he needed to file original affidavits with original signatures of the affiants. When Sexton again filed copies that merely purported to be originals, the court deemed the affidavits inadmissible. Sexton urges that if this Court would just review the trial court clerk's record, we would determine that the affidavits he tendered to the trial court are in fact originals. However, Sexton did not properly request a copy of the clerk's record from the clerk of the Jay Circuit and Superior Courts pursuant to Indiana Appellate Rule 12(A), and our motions panel has denied his repeated requests for this Court to simply "order" transmittal of that record. "It is the responsibility of the appellant to present a record which reveals the error complained of." *Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d 1296, 1299, n.1 (Ind. Ct. App. 1997), *trans. denied* (1998).