## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2016, 7:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory B. Smith
Smith Law Office, P.C.
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Smith Law Office, P.C., | April 12, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A05-1510-PL-1837 |
| v. | Appeal from the Delaware Circuit Court |
| Lawrence J. Cevelo and Carol L. Cevelo, | The Honorable John M. Feick, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 18C04-1402-PL-8 |

**Robb, Judge.**

# Case Summary and Issues

Smith Law Office, P.C., ("Smith Law Office") appeals the trial court's order denying its Amended Motion to Set Side Agreed Entry. On appeal, Smith Law Office raises three issues for our review, which we consolidate and restate as (1) whether the trial court committed reversible error when it received two letters from an opposing party and did not provide Smith Law Office notice of, and an opportunity to contest, the two letters, and (2) whether the trial court erred in denying Smith Law Office's Amended Motion to Set Aside Agreed Entry. Concluding there is no evidence in the record demonstrating the trial judge's impartiality was compromised as a result of the communications, and the trial court did not abuse its discretion in denying Smith Law Office's Amended Motion to Set Aside Agreed Entry, we affirm.

# Facts and Procedural History

In 2010, Lawrence and Carol Cevelo employed Smith Law Office to provide legal services regarding a real estate matter. After the case went to trial, the Cevelos stopped making payments on the total balance due for the legal services rendered. On February 14, 2014, Smith Law Office sued the Cevelos, alleging the Cevelos committed fraud and owed Smith Law Office "the sum of $12,977.10, plus interest at the statutory rate from December 31, 2013 . . . ." Appellant's Appendix at 20. The Cevelos proceeded pro se. On April 28, 2014, the trial court entered its Order Granting Summary Judgment in favor of Smith Law Office and awarded Smith Law Office $13,507.74, together with interest

from December 31, 2013, at the statutory rate, and court costs of $151.00. Thereafter, Smith Law Office filed a Motion for Proceedings Supplemental, and the trial court scheduled a hearing.

[3] In January 2015, the parties convened before a Master Commissioner to be heard on Smith Law Office's Motion for Proceedings Supplemental. At the hearing, Lawrence explained Social Security was the Cevelos' only source of income, and as a result, they had no means of paying Smith Law Office the full judgment, stating, "Our fixed expenses on a monthly basis far exceed our income, and we've been depending on my son and credit cards to keep a float [sic] up to this point." Transcript at 25. Thereafter, the Master Commissioner asked Smith Law Office whether it would accept "$100.00 payments if [the Cevelos] were willing to make consistent $100.00 payments on a monthly basis" until the Cevelos' income situation changed in a way that would allow them to pay the judgment off in full. *Id.* at 28. Smith Law Office responded affirmatively, stating, "[A]nything would work." *Id.* at 28-29. The Cevelos also agreed. The Master Commissioner then explained it could "put an agreed entry in that [the Cevelos] would make $100.00 payments consistently on a monthly basis, and if, then that doesn't work out, we can come back, or you can file, you know, a motion for writ of execution for the court's consideration." *Id.* at 30. Again, Smith Law Office stated it would agree to those terms if the payments started "immediately." *Id.* On January 22, 2015, the trial court issued its Agreed Entry on Proceedings Supplemental, stating in relevant part, "The

[Cevelos] agree[] to pay $100 each month toward the judgment beginning in January 2015." Appellant's App. at 24.

[4] In early June 2015, Smith Law Office filed a Motion to Set Aside Agreed Entry, which the trial court denied on June 3.[1] On June 12, 2015, the trial court received a letter from the Cevelos. In the letter, the Cevelos argued the court should not set aside the Agreed Entry. On September 1, 2015, Smith Law Office filed an Amended Motion to Set Aside Agreed Entry, and the trial court scheduled a hearing on the matter for October 16, 2015. On September 17, 2015, the trial court received correspondence from the Cevelos and the trial court sent a copy of the correspondence to Smith Law Office. At the hearing, Smith Law Office argued the Cevelos failed to make payments pursuant to the Agreed Entry. In addition, Smith Law Office claimed the Cevelos retained equity in their family home and by setting aside the Agreed Entry, the trial court would allow Smith Law Office to "proceed against [the Cevelos'] real estate." Tr. at 42. On October 19, 2015, the trial court denied the motion. Two days later, the trial court received at least one letter from the Cevelos. Smith Law Office now appeals. Additional facts will be added as necessary.

---

[1] The record does not contain the Motion to Set Aside the Agreed Entry, nor does it contain any description of Smith Law Office's argument in support of the motion.

# Discussion and Decision[2]

## I. Ex Parte Communications

Smith Law Office argues the two letters authored by the Cevelos and sent only to the trial court constituted improper ex parte communications that deprived Smith Law Office of a fair proceeding. "A communication is ex parte if made by a party outside the record without giving other parties notice or an opportunity to contest." *Stillwell v. Deer Park Mgmt.*, 873 N.E.2d 647, 652 (Ind. Ct. App. 2007) (emphasis and citation omitted), *trans. denied*. When there is an allegation of ex parte communications, "we assume that judges will disqualify themselves if there is any reasonable question concerning their impartiality." *Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d 1296, 1301 n.5 (Ind. Ct. App. 1997), *trans. denied*. Therefore, we will refuse to find error when there no "evidence or testimony demonstrating that the trial judge's impartiality was compromised as a result of the communication . . . ." *Id.*

At the outset, we note the record does not include copies of the letters the Cevelos sent to the trial court, and most, if not all, of Smith Law Office's claims and assertions are without citation to the record. The Chronological Case

---

[2] We note the Cevelos did not file a brief in this case. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error. *Vill. of Coll. Corner v. Town of W. Coll. Corner*, 766 N.E.2d 742, 745 (Ind. Ct. App. 2002). We define prima facie in this context as "at first sight, on first appearance, or on the face of it." *Id.* (citation omitted). "Such a rule protects this Court and relieves it from the burden of controverting arguments advanced for reversal, a duty that properly remains with the appellee." *Mitchell v. Mitchell*, 871 N.E.2d 390, 394 (Ind. Ct. App. 2007).

Summary ("CCS") indicates on June 12, 2015—three days *after* the trial court denied Smith Law Office's Motion to Set Aside Agreed Entry— the trial court received a letter "from the [Cevelos] requesting that the Court not set aside the agreed entry." Appellant's App. at 8. On September 17, 2015, the CCS indicates the trial court received "correspondence" from the Cevelos, and a copy of the correspondence was sent to Smith Law Office. *Id.* at 9. On October 21, 2015—two days *after* the trial court denied Smith Law Office's Amended Motion to Set Aside Agreed Entry—the CCS indicates, "Correspondence x 2 received from [the Cevelos] . . . . Letters placed in file; unread by presiding judge." *Id.* at 10.

[7]     Based on the CCS, Smith Law Office neither received notice of, nor had an opportunity to contest, the June 12 and October 21 letters. However, we note the trial court received the June 12 letter, which argued the court should deny Smith Law Office's Motion to Set Aside Agreed Entry, *after* the trial court had already denied that motion. In addition, the trial court received, but did not read, the October 21 letter *after* the trial court had already denied Smith Law Office's Amended Motion to Set Aside Agreed Entry. Because both letters were received after the trial court denied the motions, we conclude there is no evidence in the record demonstrating the trial judge's impartiality was compromised as a result of the communications. *See Morton*, 682 N.E.2d at 1301 n.5.

# II. Agreed Entry

## A. Standard of Review

[8] We interpret Smith Law Office's Amended Motion to Set Aside Agreed Entry as a motion for relief pursuant to Indiana Trial Rule 60(B)(8). We review a trial court's ruling on Rule 60(B) motions for an abuse of discretion. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *trans. denied*, *cert. denied*, 134 S.Ct. 952 (2014). "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the decision is contrary to law." *Garrett v. Spear*, 24 N.E.3d 472, 473-74 (Ind. Ct. App. 2014). "When reviewing a decision for an abuse of discretion, we consider only the evidence and reasonable inferences favorable to the judgment." *Lovold v. Ellis*, 988 N.E.2d 1144, 1150 (Ind. Ct. App. 2013). We neither reweigh the evidence nor judge the credibility of the witnesses. *Ramsey v. Ramsey*, 863 N.E.2d 1232, 1237 (Ind. Ct. App. 2007).

## B. Amended Motion to Set Aside Agreed Entry

[9] Smith Law Office contends the trial court abused its discretion in denying its Amended Motion to Set Aside Agreed Entry. Specifically, it argues the trial court should have set aside the Agreed Entry because the Cevelos violated the agreement in failing to make payments in January and July of 2015.[3] Indiana

---

[3] In its brief, Smith Law Office also argues equity requires an Agreed Entry more favorable to its interests because affirming the trial court's denial would allow the Cevelos "to reap benefits from their wrongdoing by avoiding the payment of all of the compensation owed to Smith Law Office, P.C." Appellant's Brief at 12. Specifically, Smith Law Office contends the Cevelos lied about their assets during the proceedings

Trial Rule 60(B)(8) provides a trial court may relieve a party from a judgment for "any reason justifying relief from the operation of judgment . . . ." "The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." *Wagler*, 980 N.E.2d at 372 (citation omitted).

[10] Here, the Agreed Entry, dated January 22, 2015, provided the Cevelos would "pay $100 each month toward the judgment beginning in January 2015." Appellant's App. at 24. The record indicates the Cevelos made eight $100.00 payments to the Clerk's Office on February 2, March 2, April 2, May 1, June 5, June 29, August 3, and August 31. However, we are not persuaded these alleged "erratic" payments violate the Agreed Entry. *Id.* at 27. The Agreed Entry was dated January 22, 2015. This left the Cevelos, who indicated they were in dire financial straits, only six business days to make a payment in January. Although the Clerk's Office did not *record* receiving a payment in January, the first payment was recorded on February 2, which was the seventh business day—and the first business day in February—following the issuance of the Agreed Entry. As to the July payment, the Cevelos claimed the second June payment was intended to cover the July payment. Tr. at 35.

---

supplemental in order to attain a more favorable payment plan. We acknowledge the trial court, in entering judgment for Smith Law Office and awarding it damages, found the Cevelos fraudulently induced Smith Law Office to represent them *in the underlying litigation* by concealing their inability to pay. At the proceedings supplemental, however, both Lawrence and Carol testified to their inability to pay the full judgment given their finances. Therefore, we interpret Smith Law Office's argument as a request for this court to reassess witness credibility, which we will not do. *See Ramsey*, 863 N.E.2d at 1237.

[11] Ultimately, and pursuant to the Agreed Entry, the Cevelos were to pay $100.00 per month, which by August 2015 would total $800 in payments; Smith Law Office concedes that by the end of August 2015, it received $800.00 from the Cevelos. Appellant's App. at 27. We are not persuaded Smith Law Office has shown "exceptional circumstances justifying extraordinary relief." *Wagler*, 980 N.E.2d at 372 (citation omitted). Smith Law Office has suffered no harm, and we note it appears Smith Law Office is attempting to use the Cevelos' alleged violations of the Agreed Entry as an excuse to set aside the Agreed Entry because it no longer finds the terms to which it agreed satisfactory. Based on the record before us, we conclude the trial court did not abuse its discretion in denying Smith Law Office's Amended Motion to Set Aside Agreed Entry.

# Conclusion

[12] We conclude there is no evidence in the record demonstrating the trial judge's impartiality was compromised as a result of the letters it received from the Cevelos. In addition, the trial court did not abuse its discretion in denying Smith Law Office's Amended Motion to Set Aside Agreed Entry. Accordingly, we affirm.

[13] Affirmed.

Najam, J., and Crone, J., concur.